THOMAS J. GIBBONS, RESPONDENT, *v.* ISAAC DAYTON, PUBLIC ADMINISTRATOR, ETC., APPELLANT.

*Tenancy from month to month — how terminated — notice.*

Under a lease providing that the term of letting and hiring is for one month only, and will expire at noon on the first day of the following month, a tenancy from month to month is created, and neither party is bound to give any notice to the other in order to terminate it.

APPEAL from a judgment entered upon an order of this court, confirming the report of the referee in this proceeding.

The proceeding grew out of a claim for rent, filed by the plaintiff with the defendant as administrator of the goods, etc., of Anna Maria Merriam, deceased; which claim was referred by agreement of the parties, pursuant to the statute.

The claim is for rent of the second floor of the premises known as No. 165 Bleecker street, from May 1st, 1873, to April 1st, 1874. It appears from undisputed evidence, that Mrs. Merriam had resided in the premises a number of years prior to her death; that she leased the premises; that no lease was ever made between herself and the plaintiff, other than in the form of receipts for rent, of the following description :

[*] 14 N. Y., 534.
[†] The National Bank of Chemung v. The City of Elmira, 53 N. Y., 49.

Rent must be paid invariably in advance on the first day of the month.

NEW YORK, *Sept.* 1*st*, 1871.

Received from Mrs. Mary Merriam the sum of sixty dollars, for one month rent only, in advance, for second floor rooms in house No. 165 Bleecker street, ending October 1, 1871, at noon.

It being expressly understood between us, the tenant and agent, or landlord mentioned in this receipt, that this term of hiring and letting is for one month only, and will expire as aforesaid.

$60.　　　　　　THOMAS J. GIBBONS.

*THOMAS J. GIBBONS,*
*REAL ESTATE OFFICE,*
*113 (old No. 109) Bleecker street,*
*New York.*
*Between Greene and Wooster streets.*
*Office hours from 8 A. M., to 6 P. M.*

*L. H. Arnold, Jr.,* and *John Todd,* for the appellant. The tenancy cannot be construed into a tenancy continuing to the 1st May, 1874. (1 R. S., 695, § 1; *People ex rel. Aldhouse* v. *Goelet,* 14 Abb. Pr. [N. S.], 130.) A month's notice by the personal representatives of Mrs. Merriam to the plaintiff, after her decease, was unnecessary to terminate a tenancy which had already expired. (*People ex rel. Gleahill* v. *Schackno,* 48 Barb., 551; *People ex rel. Aldhouse* v. *Goelet, supra; Mackay* v. *Mackreth,* 4 Doug., 213.) Whatever claim the plaintiff may have against the estate of Mrs. Merriam for storing her effects for July, it is clear that the defendant is not liable as a tenant for rent for that month. (*Pugsley* v. *Aiken,* 11 N. Y., 494.)

*J. Warren Greene,* for the respondent.

DAVIS, P. J. :

The appellant is public administrator, and as such was appointed administrator of the estate of one Anna Maria Merriam, deceased. The respondent presented a claim for rent against the estate, which being disputed, was submitted to reference, with the approval of the surrogate, in conformity to the statute in such case made and provided. Mrs. Merriam, the intestate, was the tenant of the respondent from month to month; she had been accustomed to receive, on payment of the monthly rent at the beginning of each month, an instrument acknowledging the receipt of the rent and

expressing the term and nature of the tenancy. Such an instrument was executed and delivered to her about the 1st of April, 1873, on payment of the rent for that month. About the first of May, Mrs. Merriam was taken sick and went to the house of a friend where she became so ill that she was unable to return to her rooms, and she remained at her friend's till her death which occurred on the 6th of June, 1873. Her furniture and other personal property remained at the rooms leased to her by respondent until about the 29th or 30th of July, 1873. About the twenty-eighth of July, the appellant received notice of the death of Mrs. Merriam, and was on that day appointed her administrator, and on the twenty-ninth or thirtieth of July removed all articles of any apparent value from the premises previously occupied by her, and about the same time sent the keys of the rooms to the place of business of respondent and left them with a boy in the office, with a message that they were the keys of such rooms. The respondent on learning that the keys had been sent to his office refused to receive them, and sent them back to the office of appellant. The clerk of the appellant also refused to receive them. On the sixteenth of February following, the respondent entered the rooms, cleaned them out and repaired them, removing the articles of no value left in them to the cellar of the building. The referee held, that the intestate was tenant from month to month, that there had been no lawful surrender of the premises, and that the appellant was liable for the rent down to the time of the entry of respondent on the 16th of February, 1874, at the rate of sixty dollars per month, and directed judgment accordingly.

It is very clear that the tenancy of the intestate was from month to month. Neither party was bound to give any notice to the other in order to terminate the tenancy at the expiration of any month. The landlord could have removed the tenant by summary proceedings without notice; and so the tenant could lawfully have left the premises at the expiration of any month without notice, and without being bound to pay further rent.*

The death of Mrs. Merriam did not change the character of the tenancy, and the appellant is not liable beyond the obligations that

---

* People ex rel. Gleahill v. Schackno, 48 Barb., 551 ; People v. Goelet, 14 Abb. Pr. (N. S.), 130.

rested and would have remained upon her had she continued to live and retain her possession down to the day when appellant removed the property and sent the keys to the respondent's office. She would in that case, have been chargeable with rent for the months of May, June and July; but her tenancy would have terminated with the month of July. The appellant acted promptly and with apparent good faith. He was appointed administrator on the twenty-eighth of July, and on the next day, or on the thirtieth, moved the furniture and everything of value from the premises and sent the keys to the landlord. This was a complete termination of the tenancy, and full notice that the term would not be renewed for another month. A few articles were left in the rooms, but they seem from the evidence to have been nothing more than worthless things which the referee finds to have been valueless. The rooms were excessively dirty; but the litter and filth, and worthless fragments and articles which tenants are often accustomed to leave behind them, have never been held to constitute a continuance of the tenancy.. The landlord's remedy, if any, for such an injury is quite different from treating the tenancy as renewed by the omission to carry everything away whether valuable or not. The referee has charged the administrator with rent after the month of July, on the ground that there was no formal surrender by him of the premises to the landlord. No form was necessary under the facts of the case beyond a removal at or before the expiration of the month, and the restoration of the keys to the landlord so that he could enter upon possession. The case is not like that of *Pugsley* v. *Aiken*,* where the lease was for "one year and an indefinite period thereafter," for in this case the express terms of the lease are "that this term of letting and hiring is for one month only and will expire" at noon on the first day of the following month. There should have been a recovery therefore only for the rent of the months of May, June and July, with interest on each month's rent from the time it was payable.

The judgment should be reversed and a new trial granted, with costs of the appeal to the appellant, unless the respondent shall stipulate to modify the judgment by reducing it to the rent for the months above named and interest, in which case it may be affirmed

* 11 N. Y., 494.

as modified, without costs to either party on this appeal as against the other.

Daniels and Brady, JJ., concurred.

Ordered accordingly.