IN THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK,

IN OCTOBER TERM, 1827, IN THE FIFTY-SECOND YEAR OF OUR INDEPENDENCE.

---

### NICHOLS *against* WILLIAMS.

ON certiorari to John Willard, Esq., one of the judges of the court of C. P. of the county of Washington.

Williams, on the 3d of April, 1826, presented a petition to judge Willard, alleging that Nichols was his (W's) tenant at will, that he had given Nichols 3 months notice to quit; and praying a summons according to the act of April 13th, 1820, (sess. 43, ch. 194, p. 176.) The judge granted a summons returnable the 7th of April, 1826.

*Under the statute, (sess. 43, ch. 194, April 13, 1820, p. 176,) which gives a summary means to the landlord for ousting the tenant, wrongfully holding against him, by a proceeding before a judge of the C. P., such judge has no power to adjourn on the motion of a party.*

*One seized of land sold and conveyed upon a fi. fa. against him, and holding after sale, for an uncertain time by consent of the purchaser, is a tenant at will within the statute.*

*Though the act requires 3 months notice to quit to be given to a tenant at will or sufferance, a tenant from year to year not being mentioned by the act as entitled to notice, may be turned out of possession without any.*

*Though a tenancy at will is considered, in ejectment, a tenancy from year to year; yet this is merely for the purpose of notice to quit. In every other respect, it retains its character of a strict tenancy at will.*

*A certiorari never brings up the testimony given before the tribunal to which it is directed, except when it goes to a justice's court. Its office is merely to remove the record, of which the testimony is not a part.*

*Process and forms of proceeding under the statute, (sess. 43, ch. 194, April 13th, 1820, p. 176,) viz: Petition of the landlord; his affidavit, with the affidavit of serving notice to quit; the notice to quit; notice from the judge to the tenant; affidavit of the tenant in order to procure a jury; venire; warrant to deliver possession. Note (b)*

*The parties then appeared; and Nichols made oath that he did not hold or claim the premises contrary to any agreement between him and Williams. A jury was accordingly summoned, and appeared on the next day; when Nichols moved for an adjournment on an affidavit of the absence of material witnesses. The motion was denied by the judge, on the sole ground that he wanted jurisdiction and authority to grant the adjournment. The trial, therefore, proceeded. Williams proved that Nichols had been 8 or 9 years in possession of the premises in question; that on the 27th of March, 1820, he (W.) purchased the premises at sheriff's sale by virtue of a judgment and execution against Nichols; that in 1825, Nichols paid Williams $45 on account of rent; that notice to quit had been served in 1824. The judge charged the jury, that the facts proved showed a tenancy at will.

*S. Stevens*, for the plaintiff in error. The judge ought to have adjourned the cause. Though the statute is silent on this subject, the power of adjourning is incident to the power of hearing and determining.

Nichols was not a tenant at will; but from year to year. (8 T. R. 3. 4 Taunt. 131. Adams on Eject. 103, 107. 3 T. R. 13. 1 T. R. 159. 5 T. R. 471. 3 East. 449, 451. 1 John. 326.) Being so, the notice to quit was insufficient. It should have been for 6 months: and terminated on the 27th of March, the termination of the current year. (4 Cowen, 349. Adams on Eject. 103, 129, 130, 132, 138. 1 Taunt. 555, 557. 3 Camph. 511. 17 John. 300. 1 T. R. 162, 163. 5 T. R. 471.)

*D. Russell*, contra. The object of the statute was to prevent delays incident to proceedings at common law. Hence it gave no power to adjourn.

Nichols was a tenant at will; and no notice to quit was necessary. (1 R. L. 78. 2 Cain 169.) In cases of a tenancy at will, the landlord may enter, and put an end to the tenancy at any time. (4 Taunt. 131.) A tenancy from year to year is created by inference of law out of tenancy at

°*will, for the mere purpose of a notice to quit. (7 John. 4, and the cases there cited.) For every other purpose a tenancy at will retains its original character. (Id. 3 T. R. 13.) Here the lease was uncertain in its duration. There is no particular time from which we could calculate the current year, to see when the notice was to expire, as in case of tenancy from year to year; nor need the notice be for a longer time than the statute requires.

But the testimony was not brought up by the certiorari. It is not of the nature of that writ, to remove any thing beside the record. It is, therefore, to be intended that there was a proper tenancy and proper notice. Every thing is to be taken as regular. The facts in evidence are out of question; for the court will not notice any thing which is not properly in the return.

*Curia*, per SAVAGE, Ch. J. By the 9th section of the statute of frauds, (1 R. L. 78,) all leases, &c., of land created by parol, shall have the force and effect of leases or estates at will only. The payment of rent proves a tenancy. And as nothing appears in relation to the terms of holding, the defendant cannot be presumed to have a greater estate than a tenancy at will. In an action of ejectment, possibly this might be considered a tenancy from year to year, for the purpose of a notice to quit. (4 Cowen, 350.) For every other purpose, tenancies at will retain their true character. Nichols, then, for the purposes of the present question, was a tenant at will; and the proceedings of the landlord were regular. The three-months notice are required in tenancies at will and sufferance only. A tenant from year to year, though, in ejectment, he is entitled to six months notice, yet, in this proceeding, is not entitled to any notice. Had the landlord, therefore, stated his complaint so as to embrace the case of a tenancy from year to year, he showed enough to obtain possession.

*But the testimony is, perhaps, unnecessarily before us. A certiorari, except to a justice's court,(a) brings up the re-

[*16]

(a) A certiorari to a justice's court brought up the facts in evidence, by virtue of the statute, (1 R. L. 397.) This being repealed, whether a certio-

cord only, and not the testimony. The only question, therefore, is, whether the judge ought not to have postponed the trial for a reasonable time, to enable the defendant to obtain his witnesses. The judge states that he would have done so, if he had thought himself authorized by the act. The act is silent as to any adjournment. It is a general rule, that all inferior jurisdictions must strictly pursue the authority under which they act. It seems to follow, that there was no authority to adjourn. If such is the case, great injustice may possibly be done; and if the power is assumed, great and unwarrantable delays may be the consequence. It is better that the legislature provide the proper regulation on the subject, than that each officer authorized to act under the statute, should establish a practice for himself.

I am inclined to think the judge decided correctly; and that the proceedings must be affirmed.(a)

Proceedings affirmed.

rari will now have the effect stated by the chief justice? *Quere.* And see *Wheeler* v. *Roberts,* (7 Cowen, 536,) *Finch* v. *M'Dowall,* (id. 537,) and *Williams* v. *Quin,* (id. 539.)

(a) The process and proceedings were formerly stated in the return, from the petition to the execution against the tenant; and were as follows:

Petition of the
landlord.

"To the honorable John Willard, one of the judges of the court of common pleas of the county of Washington, counsellor, &c.

"The petition of John Williams, of the town of Salem, in the county of Washington, respectfully showeth that your petitioner did, on or about the 1st day of April, 1820, demise and lease unto Joseph Nichols, of the town and county aforesaid, for and during the will and pleasure of your petitioner, all that certain messuage or dwelling house, situate in the village of Salem n said county, and now occupied by the said Joseph, bounded as follows;" (describing the premises generally;) "and which is more particularly described in the affidavit annexed, and to which your petitioner refers; and that the said term expired, by the determination of the will of your petitioner, long previous to the 20th day of July, 1825, and the said Joseph held over and continues in the possession of the said premises, without the permission

[*17]                *of your petitioner, notwithstanding three months notice for him to remove from the same, has been given to the said Joseph. Your petitioner therefore prays, that your honor will be pleased to issue a summons requiring the said Joseph forthwith to remove from the said premises, or show cause on a day to be, by your honor, for that purpose appointed, why your petitioner should not be put into possession of the said premises, pursuant to the

statute in such case made and provided, and your petitioner will ever pray, &c. *John Williams.*

A. *Blanchard,* Att'y."

*Washington county,* ss. John Williams and Anthony Blanchard, both of the town of Salem in said county, being severally sworn, make oath and say, and first this deponent, the said John Williams, for himself saith, that on or about the 1st day of April, 1820, he, as landlord of the premises here- inafter mentioned, did demise and lease to Joseph Nichols, of said town, for and during, and at the will and pleasure of him, the said John, and at, and for the rent of as much money as the use and occupation thereof by the said Joseph, should be reasonably worth, all that certain lot, piece or parcel of. land, with the appurtenances, situate in the village of Salem, in said county, and now in the possession of the said Joseph, and is a part of a tract of land formerly granted to Alexander Turner and others, as bounded as follows;" (particularly describing the premises;) "And the said John Williams further saith, that the term and interest of the said Joseph Nichols in said premises expired, by the determination of the will of him, the said John Williams, in relation to the said demise, previous to the 20th day of July, 1825. And the said John Williams further saith, that the said Joseph Nichols hath held and been in possession of the said premises from the 1st day of April aforesaid, and continually since to this time. And the said John further saith, that the said Joseph, since the expiration of his said term in manner aforesaid, continually hitherto hath held, and still doth hold over and continue in possession of the said premises, without the permission of the said John. And the said Anthony for himself says, that he did, on the 20th day of July, A. D. 1825, personally serve on the said Joseph Nichols, a notice in writing, of which a copy is hereto annexed.    *J. Williams,*

Sworn this 3d day of April, 1826, before me,    *A. Blanchard.*
*John Willard."*

"To Mr. Joseph Nichols. I hereby give notice, requiring you, at or be- fore the expiration of three months from the service of this notice, to re- move from the premises occupied by you in the village of Salem, in the county of Washington, bounded as follows; (particular description.) Dated this 20th day of July, 1825. .    *John Williams."*

" *Washington county,* ss. John Willard, a judge of the court of common pleas of the county of Washington; To Joseph Nichols, greeting,

"Whereas John Williams has this day made oath in writing before me, the said judge, that he the said John Williams did, on or about the 1st day of April, 1820, demise and lease to you, the said Joseph Nichols, for and during, and at the will and pleasure of him the said John, and at and for the rent of as much money as the use and occupation thereof, by the said Joseph, should be reasonably worth, all, &c.," (describing the premises as in the landlord's *affidavit,) "and that the term and interest of the said Joseph in said premi- ses expired by the termination of the will of him the said John, in relation to the said demise, previous to the 20th day of .July, 1825; and that the said ⁻oseph hath held, and still doth hold possession of the said premises since

---

ALBANY,
Oct. 1827.

Nichols
v.
Williams.

Affidavit of the landlord, and by another of serving no- tice to quit.

Notice to quit.

Notice from the judge to the tenant.

[*18]

ALBANY,
Oct. 1827.

Nichols
v.
Williams.

the determination of the said demise as aforesaid, without the permission of the said John. And whereas Anthony Blanchard hath also this day made oath to me in writing, that he did, on the 20th day of July, 1825, personally serve the said Joseph with a notice in writing, subscribed by the said John Williams, requiring the said Joseph to remove from the said premises, at or before the expiration of three months from the day and year last aforesaid: Therefore, you, the said Joseph, are hereby required forthwith to remove from the said described premises; or show cause before me, the said judge, at my office in Salem, in said county, on the 7th day of April instant, at 3 o'clock in the afternoon, why the said John Williams should not be put in possession of the said premises. Dated 3d April, 1826. *John Willard.*"

Affidavit of the tenant, in order to procure a jury.

"*Washington county,* ss. Joseph Nichols being duly sworn, says, that he does not hold or claim the premises described in the affidavit hereto annexed," (Williams' and Blanchard's affidavit), "contrary to any agreement now existing between him and the said John Williams, in relation to the occupation of the said premises. *Joseph Nichols.*

Sworn this 7th April, 1826, before me,
*John Willard.*"

Venire.

"*Washington county,* ss. John Willard, one of the judges of the court of common pleas of the county of Washington, to the sheriff of the county of Washington, greeting,

"In the name of the people of the state of New-York, you are hereby required and commanded to summon twelve good and lawful men of your county, qualified to serve as jurors in courts of record, to appear before me the said judge, on the 8th day of April, instant, at one o'clock in the afternoon of that day, at the house of Andrew Freeman, in the town of Salem, in said county, to make a jury to hear and determine the matter in difference between John Williams and Joseph Nichols, under the act entitled 'an act to amend an act concerning distresses, rents and the renewal of leases, passed April 5th, 1813, and for other purposes,' passed April 13th, 1820. And have you there the names of the jurors and this precept. Hereof fail not. Given under my hand and seal, at Salem, in said county, this 7th day of April, 1826. *John Willard.* [L.S."]

Warrant to deliver possession.

"*Washington county,* ss. John Willard, a judge of the court of common pleas of the county of Washington, to the sheriff of the said county, greeting: "Whereas John Williams did, on the 3d day of April, A. D. 1826, at the town of Salem in said county, make oath in writing before me, the said judge, that he the said John Williams did, on or about the 1st day of April, A. D. 1820, demise and lease to Joseph Nichols for and during, and at the will and pleasure of him the said John Williams, and at, and for the rent of as much money, as the use and occupation thereof, by the said Joseph should be reasonably worth, all that certain lot, piece or parcel of land, &c. (as before in the landlord's affidavit;) and that the term and interest of the said Joseph in said premises, expired by the determination of the will of him

[*19]

*the said John Williams, in relation to the said demise, previous to the 20th day of July, 1825; and that the said Joseph had held, and still did hold possession of the said premises, since the determination of the said demise as

aforesaid, without the permission of the said John. And whereas Anthony Blanchard did also, on the said 3d day of April, 1826, make oath to me in writing, that he did on the 20th day of July, A. D. 1825, personally serve the said Joseph with a notice in writing, subscribed by the said John Williams, requiring the said Joseph to remove from the said premises, at or before the expiration of three months from the day and year last aforesaid. And whereas I, the said judge, did thereupon, on the said 3d day of April, A. D. 1826, in pursuance of the statute in such case made and provided, issue my summons to the said Joseph Nichols, requiring him forthwith to remove from the said premises, or show cause before me, the said judge, at my office in the town of Salem, in said county, on the 7th day of April, then instant, at 3 o'clock in the afternoon, why the said John Williams should not be put in possession of the said premises. And whereas, on the day, and at the place in the said summons for that purpose mentioned, the said Joseph Nichols appeared before me, the said judge, in his own proper person, and made oath before me, the said judge, in writing, that he did not hold or claim said premises, contrary to an agreement then existing between him, the said Joseph, and the said John, in relation to the occupation of said premises. And whereas I, the said judge, did thereupon, on the day and year last aforesaid, in pursuance of the statute in such case made and provided, issue my certain precept, under my hand and seal, directed to the sheriff of the said county, thereby commanding him, the said sheriff, to summon twelve good and lawful men of the said county, qualified to serve as jurors in courts of record, to appear before me, the said judge, on the 8th day of April, instant, at one o'clock in the afternoon of that day, at the house of Andrew Freeman, in the town of Salem, in said county, to make a jury to hear and determine the matter aforesaid. And whereas on the day and at the place last aforesaid, before me, the said judge, the parties aforesaid appeared, and the said sheriff, to wit, William McFarland, sheriff of the said county, returned to me the said precept, with a panel thereto annexed, containing the names of the jurors, to wit, Robert Hanna, (naming them,) good and lawful men of the said county, who then and there appeared and were by me duly sworn. And whereas the said jury, after hearing the proofs and allegations of the parties aforesaid, did, upon their oaths, say that the said Joseph Nichols did hold the premises aforesaid, contrary to an agreement then existing between him and the said John Williams. Therefore, you are hereby commanded to remove the said Joseph Nichols, and all other persons from the said premises, and to put the said John Williams in possession thereof; for which this shall be your sufficient warrant. Hereof fail not. Given under my hand and seal at Salem, in said county, this 13th day of April, 1826.                                    *John Willard,* [L. S."]