48  551
92h 513

THE PEOPLE, *ex rel.* John Gleahill and others, *vs.* CHARLES SCHACKNO.

Where a parol agreement provided for the renting of premises for one month from the 1st of August, 1866, and for each successive month thereafter until the landlord should want the premises for his own use, whereupon the tenancy should expire; *Held* that under such an agreement a notice of thirty · days was not necessary to terminate the tenancy.

The notice served by the landlord upon a tenant at will, to terminate his tenancy, takes effect in thirty days after the service; and the specification therein of a day on which the time will expire, which will be less than thirty days from the time of service, will not vitiate the notice.

CERTIORARI to review proceedings for the summary possession of real estate, instituted by a landlord against his tenant at will.

· *By the Court,* INGRAHAM, J. The agreement in this case was by parol, and provided for the renting of the premises for one month from the 1st of August, 1866, and for each successive month thereafter until the landlord should want the premises for his own use, whereupon the tenancy should expire. The notice was given on the 3d of October, 1866, and that the tenancy would expire on the 31st October, 1866. The landlord's proceedings were taken 14th November, 1866.

This can hardly be called a tenancy at will or by sufferance, created by the tenant's holding over his term, or otherwise. It is an agreement for an indefinite number of months, sub- ·ject to be terminated by a notice from the landlord that he wants the premises. The termination of the letting was to take place when that fact was made known to the tenant. Under such an agreement a notice of thirty days was not necessary. This is so stated in *Park* v. *Peet,* (14 *Barb.* 253.) If this can be called a tenancy at will, still it contains the special provision that it shall cease on the happening of a certain contingency, which takes it out of the operation of the statute.

But if it be a tenancy at will, the statute only requires a

month's notice to terminate it, and the insertion of the 31st October as the day which would expire, although less than thirty days, did not vitiate the notice. It took effect in thirty days after the service. That was prior to the commencement of these proceedings. (*Burns* v. *Bryant,* 31 *N. Y. Rep.* 453.)

My conclusion is, that a notice of thirty days was not necessary under this letting, and that the judge below was correct in his rulings.

Proceedings affirmed.

[New York General Term, April 1, 1867. *Ingraham, Leonard* and *Sutherland,* Justices.]