Ingraham, P. J.
The only question material to the decision of this case is whether a renting by'the month, and from month to month, was such a letting as to require a month’s notice to terminate the contract.
There was evidence on part of the relators, by which they claimed to have a hiring until May 1, ensuing. As to that, there is no pretense that it entered into the contract of hiring, and was only an answer to a question put by the tenant at the time of the hiring, in which the agent said Mr. Goelet told him, he was to do nothing with the store or building till May 1, and until that time the tenant should have full possession.
This statement is positively denied by Robinson, the agent. The finding of the justice is against any such contract, and whatever may be our views about it, such finding on the facts is conclusive.
*131 Upon the question then- whether the contract, as testified to by Robinson, was a tenancy at will, there can be no doubt. He testified, the renting was by the month, and to be from month to month. This can bear but one interpretation, viz : that to be continued it must be renewed monthly.
The contract for August was to September 1. The receipt given September 1, was for rent in advance for September. It contained no agreement for extending it beyond that time, and left the contract as originally made, to be from month to month. The case of People Schackno, 48 Barb., 551, was a stronger case for the tenant than the present. There the agreement was for one month and for each month thereafter till the landlord wanted it, and it was held in that case such a tenancy was not at will.
It may be doubted whether such a contract, under the law applicable to this city, can be construed into a tenancy at will. It must either be a monthly renting, or, if the duration is not specified in the letting, it continues to May 1, next ensuing.
The present one is a contract by the month, and the decision of the judge was correct.
Beady and Learned, JJ., concurred.
Judgment affirmed, with costs.