The equities are all with the defendants, and upon the entire case I find in their favor.

Judgment accordingly, with costs.

## SUPREME COURT.

### HORACE WEBSTER and another agt. WILLIS SAWENS and another.

*Supplementary proceedings — Sufficiency of the affidavit to warrant the order to appear and answer.*

Where the affidavit upon which an order for a debtor to appear and be examined in supplementary proceedings was entitled in the supreme court, giving the title to the action and stating that "judgment was rendered and perfected in this action," &c.:

*Held,* that this is in substance a statement that judgment was recovered in the supreme court.

The affidavit stated that the said judgment was docketed and the judgment roll filed in the office of the clerk of the county of New York on the 14th day of January, 1886, and a transcript filed and duly docketed in the office of the clerk of Oneida county on the 15th day of January, 1886, and that an execution against the property of the defendants was on that 15th day of January, 1886, duly issued on said judgment and delivered to the sheriff of Oneida county, where the defendants reside.

*Held,* that upon this state of the case it will be presumed as between the parties, that the execution was issued after the filing of the transcript.

*Held,* further, that there being a sufficient allegation of the recovery of the judgment in the supreme court, then the allegation that the execution was duly issued on said judgment is in substance an allegation that the execution was issued out of a court of record.

*Oneida Special Term, February,* 1886.

MOTION by defendants to vacate supplementary proceedings by reason of defects in the affidavit upon which the order to appear and answer was made. The following is the affidavit:

COUNTY OF ONEIDA, *ss. :*

William Townsend, being sworn, says, that he is the attorney

for plaintiff and duly authorized to institute these proceedings; that judgment was rendered and perfected in this action in favor of Horace Webster and Charles W. Lawrence, plaintiffs, against Willis Sawens, Gilbert S. Sawens and Edwin S. Anderson (the latter not summoned), defendants, on the 14th day of January, 1886, for $160.03 damages, and $21.26 costs, upon the personal service of the summons upon defendants, Willis Sawens and Gilbert S. Sawens, and the said judgment was docketed, and the judgment roll therein filed in the office of the clerk of the county of New York on that day; that a transcript of the original docket of said judgment was filed, and said judgment duly docketed in the office of the clerk of the county of Oneida on the 15th day of January, 1886; that an execution against the property of the said Willis Sawens, Gilbert S. Sawens and Edwin S. Anderson was on the 15th day of January, 1886, duly issued upon said judgment, and delivered to the sheriff of the county of Oneida where the said defendants, Willis Sawens and Gilbert S. Sawens, then resided and yet reside and have a place for the regular transaction of business in person, directing said sheriff to levy upon the joint property of all the defendants and upon the separate property of the defendants served with summons, and that the said sheriff has duly returned the said execution wholly unsatisfied to the New York county clerk's office where the judgment roll in this action is filed; that such return was made within ten years; that the said judgment remains wholly unpaid and unsatisfied; that no previous application has been made for the order asked hereon.

WILLIAM TOWNSEND.

Subscribed and sworn to before me, }
  this 16th day of January, 1886. }

JAMES A. LONG,<br>
*Notary Public, Oneida County, N. Y.*

The grounds upon which motion is made to vacate is as follows:

*First.* That the affidavit does not sufficiently describe the judgment, in that it does not show in what court the judgment was recovered.

*Second.* That the affidavit does not show that a transcript of the judgment was filed before the execution was issued and that it is not sufficient for them to state that the execution was issued the same day the transcript was filed.

*Third.* That the affidavit does not show that the execution was issued out of a court of record.

*Fourth.* It appears that the execution was issued on the 15th of January, 1886, and the order herein granted January 16th, and it does not appear that any sufficient effort was made to collect the debt by execution.

*Fifth.* That the order does not show before what judge further proceedings are to be had.

*Sixth.* The affidavit does not show in what county the judgment was recovered.

*William A. Matteson,* for motion.

*William Townsend,* opposed.

MERWIN, *J.*—It is claimed that the affidavit does not show in what court the judgment was recovered, or that a transcript was filed in Oneida county before the execution was issued, or that the execution was issued out of a court of record.

The affidavit is entitled in the supreme court, and gives the title of the action, and states that "judgment was rendered and perfected in this action," &c.

This is in substance a statement that judgment was recovered in the supreme court.

The affidavit states that the said judgment was docketed and the judgment roll filed in the office of the clerk of the county of New York on the 14th of January, 1886, and a transcript filed and duly docketed in the office of the clerk of Oneida county on the 15th of January, 1886, and that an execution against

the property of the defendants was on that 15th of January, 1886, duly issued on said judgment and delivered to the sheriff of Oneida county, where the defendants reside. The filing of the transcript and issuing of the execution are on the same day, it not being stated that the execution was issued after the filing, except as it may be inferred from the expression "duly issued." Upon this state of the case, it will be presumed as between the parties, that the execution was issued after the filing of the transcript (*Jones* agt. *Porter*, 6 *How.*, 286; *Small* agt. *McChesney*, 3 *Cow.*, 19).

There being a sufficient allegation of the recovery of the judgment in the supreme court, then the allegation that the execution was duly issued on said judgment is in substance an allegation that the execution was issued out of a court of record, according to the ruling in the case of *Jager* agt. *Sheppard*, decided at Onondaga special term, September, 1885, and affirmed at general term, November, 1885.

It follows that the motion must be denied, with costs of motion.