CHARLES H. ADAMS, APPELLANT, *v.* THE CITY OF COHOES, RESPONDENT.

*Tenancy from year to year — legal effect of holding over after the expiration of the term — notice of intent to terminate the lease.*

The city of Cohoes became the tenant of one Adams in certain premises in that city on May 1, 1870, and continued to occupy the same continuously up to May 1, 1875. In March, 1875, Adams informed the common council of the defendant that he should from the first day of May, 1875, exact $1,200 as the annual rent of said premises, whereupon a resolution was passed by the common council authorizing the mayor to rent the said premises for the use of the city, for a period of three years from May 1, 1875, at an annual rent of $1,200. No lease was executed by either party pursuant to this resolution, but the defendant continued in occupation of the premises, paying the rent of $1,200, until August 1, 1885, when it vacated the premises and tendered the key thereof to the plaintiff's agent, who refused to receive the same. Adams was soon thereafter informed that the city of Cohoes had abandoned the premises. The rent was paid by the city to May 1, 1886.

In an action, brought by Adams to recover the rent from May 1, 1886, to November first of that year: ·

*Held,* that a tenancy from year to year was created by law as the result of the holding over by the defendant, in the possession of the premises, after the expiration of the first year.

That the legal effect of such holding over from year to year was the creation of a new term which expired at the close of each current year, at which period the tenant was at liberty to vacate and surrender the premises, and the landlord could institute proceedings to dispossess the tenant, neither party being required to serve upon the other notice of an intention to terminate such tenancy.

That, assuming that notice was required to terminate the tenancy, the facts of this case showed that a sufficient notice to Adams of the intention of the defendant to terminate the tenancy was given, nine months previous to the close of the year, for the rent accruing subject to the expiration whereof Adams sought to recover.

APPEAL from a judgment, rendered at the Albany Circuit before the court and a jury, and entered in the office of the clerk of the county of Albany on the 19th day of February, 1889, as the same was corrected by an order made at Special Term of the Supreme Court, held in the county of Albany on the 4th day of March, 1889, and entered in said clerk's office on the 5th day of March, 1889.

*Earl L. Stimson* and *Edwin Countryman*, for the appellant.

*N. C. Moak*, for the respondent.

INGALLS, J.:

This action was brought by the plaintiff to recover of the defendant the rent of certain premises situated in Cohoes, from May 1, 1886, to the first of November of the same year, at the rate of $1,200 a year, payable semi-annually. The defendant became the tenant of the plaintiff, of said premises, May 1, 1870, at the annual rent of $700, payable semi-annually, and occupied the premises continuously to May 1, 1875, at such rent. In the month of March, 1875, the plaintiff informed the common council of the defendant that he should exact $1,200 as the annual rent of said premises, commencing on the 1st day of May, 1875, payable semi-annually. On the 9th day of April, 1875, the common council of the defendant adopted the following resolution.

"*Resolved*, That the mayor be and hereby is authorized to rent, for the use of the city, the premises in Egbert's Hall, now occupied as common council chamber and offices for justices and city officials, for a period of three years from May 1, prox., at an annual rent of twelve hundred dollars ($1,200)."

No lease or other written agreement was executed by either party, but the defendant continued in the occupation of the premises, paying the rent therefor, at the yearly sum of $1,200, semi-annually, on the first days of November and May of each year, until August 1, 1885, when the defendant vacated the premises and tendered the key to John Wakeman, who was the plaintiff's agent to receive and collect rents of the premises in question. Wakeman refused to receive the key. The plaintiff was soon thereafter informed that the defendant had abandoned the premises. The defendant paid the rent to May 1, 1886, the close of the year in which the defend-

ant vacated the premises. The plaintiff sought to recover at the trial $600 rent of the premises from May 1, 1886, to November first of the same year, with interest thereon from the time the same was claimed to have become payable. The plaintiff based his right of recovery upon the alleged ground that the defendant had omitted to serve upon him a proper notice of its intention to terminate the tenancy on the 1st day of May, 1886. No lease or other written agreement having been executed by either of the parties in regard to said rental, and the defendant having occupied the premises upon the same terms and conditions, except the payment of the increased rent, from May 1, 1875, to the time of the abandonment of the premises August 1, 1885, as it had done previous to May, 1875, we are convinced that a tenancy from year to year was created by law, as the result of the holding over by the defendant in the possession of such premises, after the expiration of the first year, with the consent, expressed or implied, of the plaintiff, and such relation continued between the parties until May 1, 1886. The defendant having continued in the actual occupancy of the premises after May 1, 1885, and until August 1, 1885, it became, in consequence of such holding over, liable to the plaintiff for the rent of the premises until the 1st day of May, 1886. We conclude that the legal effect of such holding over by the defendant from year to year was the creation of a new term which expired at the close of each current year, at which period the tenant was at liberty to vacate and surrender the premises, and the landlord could institute proceedings to dispossess the tenant, and neither party was required to serve upon the other notice of an intention to terminate such tenancy. No element of uncertainty as to the time when the tenancy, in legal effect, would terminate became incorporated into the agreement between the parties; no option or election to continue the tenancy for an uncertain period by either party has been shown, and, consequently, this case is distinguishable in that particular from some of the adjudications to which we have been referred, of which *Pickett* v. *Bartlett* (107 N. Y., 277) is an example. Without undertaking to discuss the numerous cases to which our attention has been directed by the respective counsel, which would be an almost endless task, we content ourselves with stating the result of our examination of the facts and of the law which we deem

applicable thereto, which is, that the cause was properly decided at the circuit, first, because no notice, such as plaintiff claims, was required to terminate such tenancy. The holding over from year to year upon substantially the same terms and conditions, and with the consent of the plaintiff, in effect, created each year a new term complete in itself and having a certain termination. (*Park* v. *Castle*, 19 How. Pr., 29.) That case was cited with approval in *Schuyler* v. *Smith* (51 N. Y., 316); *Nichols* v. *Williams* (8 Cow., 13); *Post* v. *Post* (14 Barb., 255); *Conway* v. *Starkweather* (1 Den., 113); *Austin* v. *Strong* (47 N. Y., 679). In 4 Kent's Commentaries (5th ed.), 114, the author says: "It is settled, however, that notice is not requisite to a tenant whose term is to end at a *certain time*, for in that case both parties are apprised of their rights and duties." Moreover, if it should be held that notice was required to terminate the tenancy, we think sufficient appears in the case from which such notice to the plaintiff may be inferred of the intention of the defendant to answer such requirement. Nine months previous to the close of the current year the defendant vacated the premises, and tendered the key to the plaintiff's agent, of which the plaintiff was duly informed, and within a short time thereafter. No more unmistakable evidence of the intention of the defendant to terminate the tenancy could be furnished.

The judgment should be affirmed, with costs.

LEARNED, P. J., and LANDON, J., concurred.

Judgment affirmed, with costs.