JULIA O. LUDINGTON, Respondent, *v.* GEORGE B. GAR-
LOCK, Appellant.

*Supreme Court, Fourth Department, General Term, February* 15, 1890.

1. *Landlord and tenant. Notice.*—Though the law may require a month's
   notice of an intention to terminate an indefinite monthly renting, it
   does not prevent the operation of any agreement, express or implied,
   on the subject of notice. And where it is to be inferred that a reason-
   able notice should be given, it is for the trial court, in case of a trial
   without a jury, to say whether the notice given is reasonable.
2. *Same. Waiver.*—Where there is a failure to object to the sufficiency of
   the notice until after the tenant moves out and tenders the key, there
   is a waiver of regular notice to terminate the lease.

Appeal from judgment of Onondaga county court,
reversing a judgment obtained in justice's court.

Complaint for rent of house from October 20th to
November 20, 1888, breach of contract. Answer, general
denial. The pleadings were not in writing. The justice
rendered judgment for defendant.

On the trial it was shown on the part of the plaintiff
that the defendant was in possession prior to April, 1888;
that on or about the 20th of March, 1888, the agent of the
plaintiff saw defendant and told him that the plaintiff in-
tended to charge more rent after May 1st, and that as his
month would be up on the 20th of April, he would, after that
day, if he wished to stay, be required to pay eighteen
dollars per month; that defendant paid the agent eighteen
dollars on or about April 10, 1888, eighteen dollars on or
about May 20th, 1888, same about June 20, 1888, same about
July 20th, same August 20th, and September 20th;
that on October 19th or 20th the defendant's boy came to
the office of the agent, laid the key to the premises down

before him and said "the defendant had moved out and surrendered premises and here is the key;" that the agent told the boy he should not accept the key and should hold defendant for rent for another month; that this was the first notice the agent had received from defendant in reference to his leaving except that, about a week or ten days before, the agent had been up to the block and the defendant's father-in-law told him they had found another house and were going to move.

The defendant, in his own behalf, testified that at the interview on the 20th March he went to pay the rent, and the agent "told me the rent was going to be raised; it was fifteen dollars per month, and he said if I stayed after April 20th it would be eighteen dollars per month; I told him I should move as quick as I could get a house, and he said if I was going to move I should move then; I said I could not move then, but would as soon as I could find a house; that is all that was then said; that is all the arrangement made;" that on the 19th or 20th October he moved out and sent the key to the plaintiff's agent.

Mr. Reed, the father-in-law of defendant, testified that he lived with defendant; that defendant vacated the premises on the 19th October; that by defendant's direction he notified the agent nearly two weeks before October 20th that they had found a house and were going to move out when the time expired; that when the last rent was paid in September he told the agent that the house needed repairs, and that unless he would repair it they should move out; that the agent said he would come right up to the house; that he did not come until about two weeks afterwards, and then he told him they had another house.

It seems to have been conceded by both parties on the trial that it was an indefinite monthly renting of premises.

*George B. Warner*, for appellant.

*F. B. Gill*, for respondent.

MERWIN, J.—The rent for the occupancy up to the time the defendant left was paid. The claim of the plaintiff is that the tenancy continued for another month, by reason of the failure of defendant to give a month's notice of his intention to terminate the holding in analogy to a tenancy from month to month. In Anderson v. Prindle, 23 Wend. 619, it is said that when the tenancy is from week to week, or from month to month, a week's or month's notice to quit must be given. In that case the party entered into possession under an agreement to accept a lease for twenty months, which he afterwards refused to do. He, however, paid and the landlord accepted monthly rent. This was held to creat a tenancy from month to month, and to entitle the tenant to a month's notice to quit, as preliminary to a proceeding to dispossess before the expiration of the twenty months. The same principle was applied in People v. Darling, 47 N. Y. 666, in a case where the tenant was in possession under a parol agreement void by the statute of frauds, and he had occupied for a year, paying rent monthly. In Geiger v. Braum, 6 Daly, 506, there was a verbal agreement for thirteen months, and the defendant, after occupying two months and paying rent therefor, vacated the premises. The action was for rent for the two succeeding months; and it was held that the agreement, being for more than a year, was void under the statute, but that until the termination of the thirteen months the defendant was a tenant from month to month, and could not quit without a month's notice to the landlord. In Wilson v. Taylor, 8 Daly, 256, it is said that, when the tenancy is for a month only, no notice is required to terminate the tenancy, but, when it is from month to month, a month's notice must be given, terminating at the end of some month of the tenancy. In Reeder v. Sayre, 70 N. Y. 180, it was held that when one enters upon and occupies lands with the consent of the owner under a parol lease for more than one year, and so void under the statute, the occupation inures as a tenancy

from year to year, and the tenant is entitled to a formal notice to quit. The same rule was held in Pugsley *v.* Aikin, 11 N. Y. 498, where the lease was "for the term of one year, and an indefinite period thereafter," at an annual rent.

Thus far I have referred to cases relied on by the plaintiff. Several are cited by the defendant. In Park *v.* Castle, 19 How. 29, it was held that a tenant from year to year could, at the expiration of any year, be dispossessed under the summary proceeding act without any notice to quit, following the case of Nichols *v.* Williams, 8 Cow. 13.

In People *v.* Schackno, 48 Barb. 551, there was a parol agreement for the renting of premises for one month from August 1, 1866, and for each successive month thereafter until the landlord should want the premises for his own use, whereupon the tenancy should expire. It was held that under such an agreement a notice of thirty days was not necessary to terminate the tenancy. In People *v.* Goelet, 64 Barb. 476, the evidence was that the renting was by the month, and to be from month to month. This was construed to mean that, to be continued, it must be renewed monthly, and that a month's notice was not required to terminate the contract. The rent was paid in advance. In Gibbons *v.* Dayton, 4 Hun, 453, it is said that in tenancy from month to month neither party is bound to give the other any notice in order to terminate the tenancy. In that case, however, the agreement was that the hiring should be for one month only, as stated in each receipt of monthly rent paid in advance.

In Adams *v.* Cohoes, 53 Hun, 260, the defendant had for many years occupied premises of plaintiff at an annual rent of $700, payable semi-annually. In March, 1875, the rent was raised to $1,200 a year, but no lease executed. The defendant continued to occupy, paying the increased rent semi-annually, until August, 1885, when it vacated the premises and tendered plaintiff the key. The rent was paid by the defendant up to May 1, 1886. The action was

for the six months' rent from May 1, 1886. It was held that a tenancy from year to year was created by law as the result of the holding over by the defendant, and that the legal effect of this was the creation of a new term which expired at the close of each current year, at which period the tenant was at liberty to vacate and surrender the premises and the landlord could institute proceedings to dispossess the tenant, and neither party was required to serve on the other a notice of an intention to terminate the tenancy.

In the present case, very evidently it was understood that the rent should be paid in advance. So that when the defendant paid the month's rent there became a fixed and definite tenancy for a month. There was no agreement by the defendant to take the premises for any longer period. If, however, he held over or paid for another month, the tenancy was for that time renewed, and as renewed, expired at the end of the month unless some further action was taken. This view would be in harmony with the construction given in the Adams case and People *v.* Goelet, above cited, and no notice would be necessary. Huffell *v.* Armitstead, 7 C. & P. 58.

In this case, however, it was conceded at the trial that there was an indefinite monthly renting. This, standing alone, would, under some of the authorities cited by plaintiff, require a month's notice of intention to terminate. Taking the concession as made, it would not prevent the operation of any agreement, express or implied, on the subject of notice. The intention of the parties on the subject is to be considered. According to the evidence of the defendant, it was understood that he was to move out as soon as he could find another house. Nothing was said about his giving any notice. It was hardly within the contemplation of the parties that he should be required to give a month's notice. The payment of the rent in advance substantially protected the plaintiff. The most that can be inferred as to any agree-

ment on the subject of notice is that a reasonable notice should be given. It appeared from the evidence on the part of plaintiff that a notice of a week or ten days was given, and the evidence on the part of defendant showed a notice of about two weeks. Whether under the circumstances the notice in fact given was reasonable, was for the trial court to say, and its finding for the defendant was in effect a finding that it was reasonable. This finding should not be disturbed. It is not claimed the notice should have been in writing.

Again, no objection appears to have been made to the sufficiency of the notice when it was given. No objection was made until after defendant had moved out and tendered the key. Such a failure to express any dissent was held in Shirley *v.* Newman, 1 Esp. N. P. 266, to be a waiver of a regular notice. This seems to be reasonable.

I am of the opinion that the plaintiff at most was only entitled to a reasonable notice, and as he had that, as the justice must be deemed to have found, he was not entitled to recover.

The judgment of the justice should therefore be affirmed.

Judgment of the county court reversed, and that of the justice's court affirmed, with costs.

HARDIN, P. J., and MARTIN, J., concur.