CORIDON S. THOMSON, as Surviving Executor, etc., of DANIEL H.
PRYOR, Deceased, Respondent, v. GEORGE CHICK, Appellant.

*Landlord and tenant — monthly hiring — holding over — thirty days' notice — when
reasonable notice is a question of fact — waiver of notice.*

Where, upon the trial of an action brought to recover rent, there is a conflict in the
evidence as to whether the lease of the premises was for a year, the rent to be
payable monthly, or whether there was simply a hiring for a month and a renewal
of monthly terms by the payment of monthly rent thereafter, with the acqui-
escence of the landlord and of the tenant, it is erroneous to direct a verdict for
the plaintiff, upon the ground that the defendant had not given thirty days'
notice of his intention to vacate the premises, and that, therefore, the plaintiff
could recover for the balance of the year.

*Semble*, that where there is an indefinite agreement for a lease, and the defendant
pays a month's rent, there exists a definite tenancy for only one month, but
that if the tenant holds over or pays for another month, the tenancy is renewed,
but only for another month.

*Semble*, that if the landlord is entitled to any notice of the termination of such a
tenancy, it is for the jury to say what notice is reasonable, and whether, where
notice was given to the landlord, shortly before the tenant moved, of his inten-
tion to do so, and the key of the premises was delivered to the landlord, who
did not object, the landlord had waived his right to any further notice.

APPEAL by the defendant, George Chick, from a judgment of the
County Court of Wyoming county, entered in the office of the clerk
of Wyoming county on the 31st day of January, 1893, upon the
verdict of a jury rendered by direction of the court, with notice of
an intention to bring up for review upon such appeal an order
entered in said clerk's office on the 24th day of January, 1893,
denying the defendant's motion for a new trial made upon the
minutes.

*O. H. Hopkins*, for the appellant.

*James E. Norton*, for the respondent.

WARD, J.:

This action originated in a Justice's Court of Wyoming county,
where the plaintiff recovered a judgment of ninety-three dollars and
sixty cents and costs for rent claimed by the plaintiff of the defend-
ant upon a verbal contract for the renting of premises consisting of a

house and lot in Attica, Wyoming county, N. Y. The defendant appealed to the County Court and a new trial was had before a jury; the jury being unable to agree upon a verdict, the court directed a verdict for the plaintiff for the amount of his claim, and the defendant appealed from the judgment entered upon that verdict and brings the case before us.

The plaintiff's evidence upon the trial in the County Court was to the effect that a few days prior to March 15, 1891, the parties met and agreed that the plaintiff should lease the house and lot to the defendant for a year commencing the fifteenth day of March and to continue for a year, the rent to be payable monthly at ten dollars a month; that under this agreement the defendant entered into possession of the premises just prior to the 15th of March, 1891; that defendant paid ten dollars on the rent on the twenty-seventh of April, another ten dollars on June first, and ten dollars after defendant vacated the premises; that the defendant moved out of the premises about the first of June; that the plaintiff was going by the premises and saw them moving out and defendant told him they were moving to another place; plaintiff said it didn't make any difference to him how many houses the defendant rented, as he should hold him for the rent for the balance of the year. About a week after the defendant moved out the plaintiff found the key to the premises had been left with his wife with a notice that the defendant was going to move from the premises; plaintiff refused to receive the key. The plaintiff's claim for rent was for the balance of the year, or for nine months commencing with June 15, 1891.

The defendant's evidence, in which he was sustained by two witnesses, was to the effect that the agreement simply was that he was to pay ten dollars a month for the premises; was to commence on March 15, 1891; that there was nothing said that the defendant should hire the premises for a year and pay ten dollars monthly or anything of that kind; that he took possession and vacated the premises and paid the rent substantially as the plaintiff's evidence disclosed, having left the key of the house with the plaintiff's wife at the time he vacated the premises.

There was no conflict in the evidence as to the notice or knowledge that the plaintiff had of the defendant moving from the

premises and of his intention to occupy other premises about the first of June.

The learned trial judge directed a verdict for the plaintiff for the reason that thirty days' notice had not been given by the defendant of his intention to vacate the premises, and, that therefore, the term had not ceased and the plaintiff could recover for the balance of the year.

Before the court was authorized to direct a verdict over the objection of the defendant, the evidence must be substantially without conflict in favor of the theory upon which the verdict was directed.

Whether the contract was for a year, the rent to be payable monthly, or whether it was simply a contract for a hiring by the month and renewal of monthly terms by the payment of monthly rents thereafter with the acquiescence of the parties, was a question for the jury, and in considering that question we are to give full force to the defendant's evidence and take as favorable a view of it as the evidence will reasonably permit.

Without expressing an opinion as to the full force of this evidence, we are of opinion that the defendant's evidence did create a question of fact which should have been submitted to the jury.

We shall not attempt to analyze at length the numerous cases upon the subject of tenancies where the termination thereof has been held dependent or not upon notice. The examination of a few leading cases will suffice.

In *Gibbons* v. *Dayton* (4 Hun, 451), in speaking of a case where the rent was payable monthly and in advance, the court says: " It is very clear that the tenancy of the intestate was from month to month; neither party was bound to give any notice to the other in order to terminate the tenancy at the expiration of any month. The landlord could have removed the tenant by summary proceedings without notice, and so the tenant could lawfully have left the premises at the expiration of any month without notice and without being bound to pay further rent."

In *Adams* v. *City of Cohoes* (6 N. Y. Supp. 617), where a tenant who had occupied the demised premises for several years after the termination of his lease paid rent semi-annually, it was held that the payment of the rent after the expiration of the term created a new term, expiring at the close of the current year, and requiring no

notice for its determination, and the principle there laid down would seem to be that where a renting is for a specific time, and the tenant holds over beyond that time, with the acquiescence of the land-lord, and pays rent, a new term is implied equal to the original term, and upon the expiration of such new term the tenant can abandon the premises without notice. This case was affirmed in the Court of Appeals (127 N. Y. 175), and the position of this case seems to be sustained by *Park* v. *Castle* (19 How. Pr. 29) ; *Austin* v. *Strong*, 47 N. Y. 679; *Nichols* v. *Williams* (8 Cow. 13) ; *People* v. *Goelet* (64 Barb. 476) ; *People* v. *Gleahill* (48 id. 551).[*]

The Court of Appeals, in *Adams* v. *The City of Cohoes* (*supra*), at page 183, cite, with approval, *Ludington* v. *Garlock* (29 N. Y. St. Repr. 600; 9 N. Y. Supp. 24). That case was like the one at bar in its leading features. Ludington sued Garlock to recover a month's rent from October 20 to November 20, 1888. On the 20th of April, 1888, Garlock was in possession of the rented premises, under a parol agreement to pay fifteen dollars a month rent, and at that time Ludington required him to pay eighteen dollars per month if he continued to occupy the premises longer than May first, as his month would be up the twentieth of April. The contract seems to have been to pay the rent in advance.

About the twentieth of each month, June, July, August and September, Garlock paid the monthly rent of eighteen dollars, and on October nineteenth or twentieth the defendant's boy came to the office of the plaintiff's agent, laid the key to the premises down before him, and said that the defendant had moved out and sur-rendered the premises, and there was the key. The agent told the boy that he would not accept the key, but would hold the defend-ant for another month's rent ; about ten days before that the agent had been told by the defendant's father-in-law that the defendant had got another house and was going to move, and the defend-ant vacated the premises on the nineteenth or twentieth of October. The court held upon this state of facts that where a defendant is in possession under an indefinite monthly renting, and pays his rent in advance, the most that can be inferred as to any agreement on the subject of notice to terminate is that reasonable notice should be given, and that the failure of the landlord to object to the

sufficiency of the notice when it was given, and until after the tenant had moved out and tendered the key, was a waiver of regular notice. Judge MERWIN, who pronounced the opinion in that case, makes a careful examination of the leading cases upon the subject, and concludes: "When the defendant paid the month's rent there became a fixed and definite tenancy for a month. There was no agreement by the defendant to take the premises for any longer period. If, however, he held over or paid for another month the tenancy was for that time renewed, and, as renewed, expired at the end of the month unless some further action was taken."

It is true that, in the case at bar, the rent for the month succeeding the first was not paid strictly in advance, but each ten dollars was paid for specific monthly periods and accepted as such, and so far as the creation of monthly tenancies after the expiration of the first term by the payment of monthly rent with the acquiescence of the parties is concerned, it is immaterial whether it be at the commencement of the month or at a later period in the month; then, if notice was required under the last case cited, the question should have been submitted to the jury as to whether such notice was a reasonable one, and whether the plaintiff had not waived the giving of the regular notice by failure to object to the notice as insufficient.

We have reached the conclusion that it was error in the court to direct a verdict for the plaintiff.

The judgment and order should be reversed and a new trial ordered in the County Court, with costs to abide event.

LEWIS and BRADLEY, JJ., concurred.

Judgment and order reversed and new trial granted in the Wyoming County Court, costs to abide the event.