## DRAKE v. CUNNINGHAM.

(Supreme Court, Appellate Division, Second Department. June 12, 1908.)

1. LANDLORD AND TENANT—MONTHLY TENANCY—SUFFICIENCY OF EVIDENCE.

    On the issue whether or not a monthly tenancy of a flat had been estab-lished, the tenant testified that he had lived in the flat for 13 years, and had hired it from one A., to whom in person he paid the rent; that he paid $25 a month when he first went there, though not always in ad-vance, as he usually paid between the 1st and the 10th or 11th, and ad-mitted that he owed rent to the rightful owner. Another witness testi-fied that he demanded the rent for a certain month, and that the tenant. in substance, said that he had been forbidden by others to pay it. *Held* sufficient to show a monthly tenancy, in the absence of evidence to the contrary.

2. COURTS—MUNICIPAL COURT—JURISDICTION—TITLE TO REAL PROPERTY—SUM-MARY PROCEEDINGS.

    The Municipal Court was not ousted of jurisdiction in summary pro-ceedings, on the ground that title to real property was involved.

3. LANDLORD AND TENANT—RECOVERY OF POSSESSION OF PREMISES BY LAND-LORD—SUMMARY PROCEEDINGS.

    In summary proceedings by landlord against tenant, the question of title is not involved, the questions being whether the conventional rela-tion of landlord and tenant exists, and whose is the right of possession under that relationship.

4. SAME—ESTOPPEL OF TENANT—AS TO WHOM TENANT ESTOPPED.

    The doctrine that a tenant cannot question the title of his landlord is available to the successor of the lessor, and may be invoked by him in

summary proceedings; but, since it rests in the principle of estoppel, it does not obtain where the title is derivative.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 181–186.]

5. WILLS—TITLE OF DEVISEE—EVIDENCE.

Where, in summary proceedings against a tenant by the alleged devisee of the deceased landlord, defendant set up that the property was claimed by others as heirs, the will of decedent was competent to establish plaintiff's title, on production and proof of its validity.

6. SAME.

Where, in summary proceedings against a tenant by the alleged devisee of the deceased landlord, defendant set up that the property was claimed by others as heirs, plaintiff was entitled to the presumption and rights afforded by Code Civ. Proc. § 2627, providing that the decree admitting a will of real property to probate establishes presumptively all the matters determined by the surrogate, and that on the trial of an action in which a controversy arises concerning it it may be read in evidence, etc., and under the provisions of section 2623 the probate decree was presumptive evidence of the facts as to proper execution, as to the competency of the testator, and that he was not under restraint.

Appeal from Municipal Court of New York.

Summary proceedings for recovery of possession of demised premises by Ida Applegate Drake against John Cunningham. From a final order dismissing the petition, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Willard N. Baylis, for appellant.

Roger Foster (James A. Timony, on the brief), for respondent.

JENKS, J. The learned Municipal Court put its dismissal solely upon the ground that a monthly tenancy had not been established. I do not agree. The original lessor is dead. The tenant testifies that he had lived in the flat for 13 years, and that he had hired it from Joseph Applegate to whom in person he paid the rent; that he paid $25 when he first went there, $25 a month not always in advance, as he usually paid between the 1st and the 10th or the 11th. At the time of the demand he admitted that he owed rent to the rightful owner. The witness Baylis testifies that he demanded the rent for December, and that the tenant, in substance, said that he had been forbidden by others to pay it. In the absence of all evidence to the contrary, I think that this made out a sufficient monthly tenancy. McAdam on Landlord and Tenant, p. 84; Anderson v. Prindle, 23 Wend. 619; Gilfoyle v. Cahill (App. Term) 18 Misc. Rep. 68, 41 N. Y. Supp. 29; Morris v. Niles, 12 Abb. Prac. 103; Thomson v. Chick, 92 Hun, 510, 37 N. Y. Supp. 59. The inference is that the parties continued the tenancy as originally established. Laughran v. Smith, 75 N. Y. 205; Thomson v. Chick, supra. The premises were owned by Joseph Applegate when he died in May, 1907, leaving a will which was probated on December 6, 1907. The petitioner showed that "in and by which will the said premises were devised to your petitioner, who is now the owner and landlord of said premises and has been since the

7th day of May, 1907." The defendant made general denial, and alleged:

"Following facts showing that the title to the real property is now in question, to wit, on or about the 13th day of December, 1907, one Frank E. Applegate served notice on the tenant herein that he and May E. Dubois and Harry Applegate are the sole heirs and legally entitled to the premises herein in question of which one Joseph Applegate died seised of; that through said notice the defendant has been informed, and verily believes, that the title to the premises in question are now in dispute in an action brought in the Surrogate's Court to test the validity of said title and which said action was not determined and the right of ownership in the petitioner and the contestants settled. Wherefore the tenant prays that this proceeding be sent to a proper court for its adjudication and determination."

The Municipal Court was not ousted of jurisdiction in summary proceedings because the title to real property is involved. Quinn v. Quinn, 46 App. Div. 241, 61 N. Y. Supp. 684, and cases cited. It does not appear that the tenant has ever attorned or attempted so to do.

The point is made that the conventional relation of landlord and tenant does not exist. If, however, the original relation was by agreement, so long as the petitioner relies upon the relation as thus established and simply by virtue of her representation, the relation between her and the defendant as landlord and tenant, if any, is conventional. Birdsall v. Phillips, 17 Wend. 464. It is commonly and correctly said that in summary proceedings the question of title is not involved, but that the questions are whether the conventional relation of landlord and tenant exists, and whose is the right of possession under that relationship. The doctrine that a tenant cannot question the title of his landlord is available to the successor of the lessor, and may be invoked by him in summary proceedings. But, as this doctrine rests in the principle of estoppel, it does not obtain where the title is derivative. Despard v. Walbridge, 15 N. Y. 374, 377. Under the pleadings, an issue was raised as to the status of the plaintiff as landlord, and consequently it was open to the defendant to show that such relation did not exist. People ex rel. Ainslee v. Howlett, 76 N. Y. 574. See, too, Reich v. Cochran, 151 N. Y. 126, 45 N. E. 367, 37 L. R. A. 805, 56 Am. St. Rep. 607. In Despard v. Walbridge, supra, the court say:

"Again, suppose a landlord dies during the tenancy, the tenant, in a contest with the heir, cannot dispute the title of the ancestor, but he may show a device to a third person. Were it otherwise, the tenant would be at the mercy of both heir and devisee. He could defend himself against neither. The distinction is stated and was adopted in Jackson v. Rowland, 6 Wend. 670, 22 Am. Dec. 557."

In Lehnen v. Dickson, 148 U. S. 71, 13 Sup. Ct. 481, 37 L. Ed. 373, the court say:

"Suppose, after the execution of a lease, the landlord. dies, and at the termination of the lease his only son and heir at law should bring an action of unlawful detainer, and the tenant in defense should introduce what purported to be a will made by the landlord, devising the real estate to some third party, and the record of the proper court probating that will, together with an attornment to such devisee, within the cases cited such testimony would be competent. Would it not also be clearly competent for the heir, in rebuttal, to introduce a final decree from a competent court, in a suit between himself and the devisee, adjudging that will a forgery, and setting aside its probate? None of this testimony impeaches the lease, or challenges any rights created by

or under it. It is simply 'evidence for proof of rights under a derivative title,' evidence which in terms is authorized by the section last quoted. There was no error in admitting this testimony."

In Cronk v. Barlow, 4 N. Y. St. Rep. 137, the court say:

"It is doubtful whether the petition sufficiently shows the relationship of landlord and tenant. At any rate, the proof fails in that respect. The defendant evidently went into possession as tenant under Sarah Cronk, since deceased, the mother of plaintiff. It is not properly shown that he succeeded to her title. He simply swears that he is owner; that he was the owner of two-eighths, and is the owner of the whole. On cross-examination, he stated that he had a conveyance in writing; and yet on defendant's motion the justice refused to strike out the testimony as to ownership, on the ground that there was higher evidence. He should have proved the descent or devise of the land and the conveyance thereof from heirs or devisees."

The attitude of the respondent is not that he makes any claim of title in himself, but that he is ready to pay rent to his rightful landlord, and his halt is avowedly due to the notice from the alleged heir. The will itself was competent to establish the devisee's title upon production and proof of its validity. Corley v. McElmeel, 149 N. Y. 235, 43 N. E. 628. And, moreover, the devisee was entitled to the presumption and the rights afforded by section 2627 of the Code of Civil Procedure as against the heirs cited and those who asserted any rights under them. The probate decree is presumptive evidence of the facts as to proper execution, as to the competency of the testator, and that he was not under restraint. Section 2623. See Jessup's Surr. Practice, 484, and authorities cited. Taylor on Landlord and Tenant (8th Ed.) § 713, says:

"The decision of the justice is pro hac vice, and nothing more, and either of the parties can in any subsequent legal investigation deny or disprove, if it becomes necessary, the facts upon which his judgment was based."

And section 2264 of the Code of Civil Procedure provides:

"This title does not impair the rights of a landlord, lessor, or tenant in a case not therein provided for. Where a special statutory provision confers a right to take proceedings, in the manner heretofore prescribed by law, for the summary removal of a person in possession of real property, the proceedings thereunder must be taken as prescribed in this title. A final order, made in a special proceeding, taken as prescribed in this title, is not a bar to an action of ejectment to recover the property affected thereby."

The judgment is reversed, and a new hearing is ordered, costs to abide the event. All concur.