T. I. B. CORP., Respondent, *v.* SYLVESTER REPETTO, Appellant.

Supreme Court, Appellate Term, First Department, May 28, 1940.

*Wittstein & Wittstein* [*Hortense M. Wittstein* of counsel], for the motion.

*Daniel Jacobson,* opposed.

PER CURIAM. In this action to recover fifty-five dollars rent claimed to be due in advance for month of November, 1939, the landlord's agent testified that defendant had no lease, that he was a "month to month tenant;" that defendant vacated the demised apartment October 31, 1939, having paid the rent for that month, but gave "no legal notice." To the question put by the trial judge, "Was he renting from month to month?" the witness answered, "That's right; he was."

The trial judge held that defendant was required to give thirty days' written notice to end the tenancy and accordingly awarded judgment in favor of the landlord, and this court has reversed that judgment and directed judgment for defendant.

As a yearly tenant or tenant from year to year may vacate the premises at the end of any year without prior notice, so a monthly tenant or tenant from month to month may surrender at the end of any month without notice. (*Adams* v. *City of Cohoes*, 127 N. Y. 175, 183; *Kennedy* v. *City of New York*, 196 id. 19; 1 McAdam, Landlord & Tenant [5th ed.], pp. 136–138; *Gilfoyle* v. *Cahill*, 18 Misc. 68; *People ex rel. Aldhouse* v. *Goelet*, 64 Barb. 476; *Gibbons* v. *Dayton*, 4 Hun, 451; *Thomson* v. *Chick*, 92 id. 510; *Simpson* v. *Masson*, 11 Misc. 351; Chaplin, Landlord & Tenant, 568, 569; Keogh, Landlord, Tenant & Summ. Proc. 29–32.) In the *Gibbons* case (*supra*) the letting was for one month only, to expire at noon on the first day of the following month, and the tenant holding over for almost two years it was held that a tenancy from month to month was created, and neither party was required to give notice to terminate it.

Respondent contends that section 232-a of the Real Property Law (Laws of 1939, chap. 661), requiring landlords in the city of New York to give thirty days' prior written notice of election to terminate monthly or month to month tenancies, as a preliminary to the removal of such tenants, imposes by implication a reciprocal obligation on such tenants to give thirty days' prior notice to the landlord of their intention to vacate. The statute invoked is not new; it is the McAdam Act (Laws of 1882, chap. 303), as amended by chapter 209 of the Laws of 1920 and made part of our Consolidated Laws in 1939 by putting it into the Real Property Law.

Speaking of the effect of the McAdam Act this court (*Rogan* v. *Weiss*, 115 Misc. 193, 194, opinion by LEHMAN, J.) has said: "Prior to the enactment of that statute a monthly tenant could be removed by the landlord at the expiration of the month without any previous notice, because a monthly tenancy is a tenancy for a definite period, and a tenant occupying premises for a definite period is compelled to quit the premises at the end of such period.

The statute did not create a new kind of tenancy, and the tenant has always had the right to remove from the premises at the expiration of his term, but it took away from the landlord the right to remove the tenant by summary proceedings or by re-entry obtained in any other way, unless he had previously given the required notice to the tenant. For practical purposes, if the tenant could not be removed from the premises without a previous notice, the statute had the same effect as if it had provided that unless the landlord gave previous notice to the tenant, the tenant had the option of automatically renewing his monthly tenancy at the expiration of the month by remaining in the premises. In other words, it compelled the landlord to accept the tenant as a hold-over without any alternative of treating him as a trespasser." The act being solely for the benefit of tenants it has been held that the landlord's notice may be waived. (*A. N. P. Realty Co., Inc.*, v. *Tunick*, 115 Misc. 190; *Hoske* v. *Gentzlinger*, 87 Hun, 3.)

Cases in which there was a monthly rental and an agreement for notice (*Hungerford* v. *Wagoner*, 5 App. Div. 590; *Ludington* v. *Garlock*, 55 Hun, 612; *O'Brien* v. *Clement*, 160 N. Y. Supp. 975) or the letting was " for no fixed period " (*Witherbee, Sherman & Co.* v. *Wykes*, 159 App. Div. 24), and other like indefinite hirings (*Klingenstein* v. *Goldwasser*, 27 Misc. 536) obviously have no application to the present controversy.

Motion denied, with ten dollars costs.

All concur. Present — McCook, Shientag and Miller, JJ.