VIOLET ANDRIOLA, as Executrix of KATHERINE RUPPEL, Deceased, Plaintiff, v. ANTHONY HUBER, Defendant.

Municipal Court of New York, Borough of Queens, February 11, 1944.

*Thomas K. Patterson* for plaintiff.

*Anthony Huber,* defendant in person.

CARIELLO, J.  This is an action for unpaid rent for the month of November, 1943.  The facts are practically undisputed.  The tenant was in possession as a month-to-month tenant.  He vacated during the month of October, 1943, without giving notice to the landlord.

The question squarely presented for consideration, therefore, in this case is: In a month-to-month tenancy is a tenant required to give the landlord thirty days' notice of his intention to vacate?

The decision of the court is that no notice is necessary, the plaintiff has no cause of action, and that judgment should be rendered for the defendant, dismissing the plaintiff's complaint.

The Appellate Term of the First Department in the case of *T. I. B. Corp.* v. *Repetto* (174 Misc. 501, affd. without opinion 261 App. Div. 813, leave to appeal to Court of Appeals denied 261 App. Div. 943), on May 28, 1940, following its previous decisions, held that there was no obligation on the part of a month-to-month tenant to give thirty days' notice to the landlord in order to terminate his tenancy.  (Cited therein: *Adams* v. *City of Cohoes,* 127 N. Y. 175, 183; *Kennedy* v. *City of New York,* 196 N. Y. 19; 1 McAdam on Landlord and Tenant [5th ed.], pp. 136-138; *Gilfoyle* v. *Cahill,* 18 Misc. 68; *The People*

v. *Goelet,* 64 Barb. 476; *Gibbons* v. *Dayton,* 4 Hun 451; *Thomson* v. *Chick,* 92 Hun 510; *Simpson* v. *Masson,* 11 Misc. 351; Chaplin on Landlord and Tenant, pp. 568, 569; Keogh on Landlord and Tenant in Summary Proceedings, pp. 29–32.)

Section 232-a of the Real Property Law, requiring landlords in the city of New York to give thirty days' prior written notice of election to terminate month-to-month tenancies as a preliminary to removal of such tenants, is solely for the benefit of tenants, and does not impose, by implication, a reciprocal obligation on tenants to give thirty days' prior notice to landlord of intention to vacate (*Rogan* v. *Weiss,* 115 Misc. 193, 194).

The recent rulings of the Appellate Term of the Second Department also hold that a month-to-month tenant is not required to give thirty days' notice to the landlord in order to terminate his tenancy. Some lawyers believe there is a conflict in the law in a case of this kind between the First and Second Departments. This may be due to the fact that the last two reported decisions of the Appellate Term of the Second Department are *Sample* v. *Fitzsimmons* (decided Dec. 12, 1940, 24 N. Y. S. 2d 388) and *Finch* v. *Forman* (also decided Dec. 12, 1940, reported in 24 N. Y. S. 2d 389). Both of these cases held that as a month-to-month tenant, defendant would be under a duty to give thirty days' notice of his intention to vacate the premises. However, in the case of *Palombella* v. *Metropolitan Distributors, Inc.,* decided by the Appellate Term of the Second Department at the April, 1942, Term (N. Y. L. J. April 27, 1942, p. 1775, col. 6), the slip memorandum reads: '' Judgment unanimously reversed upon the law, with $30 costs to defendant, and complaint dismissed with appropriate costs in the court below. Under sec. 232-a of the Real Property Law, the tenant was not required to give to the landlord thirty days notice of his intention to remove, and may therefore not be held for rent for the ensuing month.''

The law of the First and Second Departments, therefore, is uniform. There is no obligation on the part of a month-to-month tenant to give thirty days' prior notice to the landlord of intention to vacate.

Judgment for the defendant, therefore, dismissing plaintiff's complaint.