THE PEOPLE, *ex rel.* Simpson, *vs.* PLATT, landlord &c.

An affidavit of the service of a summons, under the statute relative to " Sum-mary proceedings to recover the possession of land," which alleges a ser-vice upon an under tenant, on the demised premises, and that the tenant was absent from his last and usual residence, without stating that such residence was upon the demised premises, is insufficient.

A demand of the rent claimed to be due, made of an under tenant, who is described in the affidavit as a person in possession of the demised premises, is not sufficient to give the justice jurisdiction.

The demand must be made of the tenant, or three days' notice requiring payment, or the possession of the premises, must be served in the manner specified in the statute for the service of the summons.

CERTIORARI to review proceedings had before one of the justices of the district court of the city of New York, under the statute relative to "Summary proceed-ings to recover the possession of land." The grounds of objection to the proceedings are stated in the opinion of the court.

*By the Court,* LEONARD, P. J. The proof is insufficient, in respect both to the service of the summons, and the de-mand of the rent claimed to be due.

1. The summons was served on an under tenant, upon the demised premises, and the affidavit states that the tenant was absent from his last and usual residence. The statute requires, where the summons is not served on the tenant, that the service be by leaving a copy with a person of mature age residing at the last and usual residence of the tenant: and such service can be made only in case of absence of the tenant from such residence. If no such person can be found there, the service can be made by affixing a copy of the sum-mons in a conspicuous place on the demised premises. (2 R. S. 514, § 32.) The service was not made in conformity with either of the modes directed by the statute. The affidavit indicates that the tenant was absent from his residence, but it does not state that such residence was upon the demised premises. It is only in that case that the summons could

Hamilton *v.* Van Rensselaer.

have been properly served on some person other than the tenant; even if we assume that the person served, in this case, was of mature age, which is a fact not stated in the affidavit.

2. The demand stated in the affidavit of the landlord does not conform to the statutory requirements. It was made of the same under tenant upon whom the summons was served, who is described as a person in possession of the demised premises.

The demand must be made of the tenant, or three days' notice requiring payment or the possession of the premises must be served in the manner indicated for the service of the summons. (2 *R. S.* 513, § 28.)

The justice had no jurisdiction, in consequence of these defects.

The proceedings must be reversed, with costs, as to Simpson and Baker, and those persons restored to the possession.

NEW YORK GENERAL TERM, November 7, 1864. *Leonard, Geo. G. Barnard* and *Sutherland*, Justices.]