(20 Misc. Rep. 348.)

### BRISTED v. HARRELL.

(Supreme Court, Appellate Term. May 27, 1897.)

1. SUMMARY PROCEEDINGS—PETITION—JURISDICTIONAL FACTS.
   Code Civ. Proc. § 2231, subd. 2, authorizes a summary proceeding to re-
   cover possession of leased premises where the tenant is in default in the
   payment of rent, and at least three days' notice has been given to pay the
   rent or surrender the premises. Section 2235 provides that the petition in
   such proceeding shall state the facts "which, according to the provisions of
   this title, authorize the application." *Held*, that the petition must show
   that at the date thereof the three-days notice had been given, where that
   is the ground on which the proceeding is based.

2. SAME—PREMATURE PETITION.
   A petition to remove a tenant because he had failed to comply with the
   three-days notice to pay rent or surrender possession of the premises (Code
   Civ. Proc. § 2231, subd. 2) is premature where the notice was served on
   December 29th and the petition was verified on January 2d following, since
   January 1st, on which the three days expired, being a holiday (Laws 1895,
   c. 603, § 1), was excluded from the computation by Laws 1892, c. 677, § 27,
   as amended by Laws 1894, c. 447, and therefore the tenant had the whole
   of January 2d in which to make the payment.

Appeal from Sixth district court.

Summary proceedings by Charles A. Bristed, as landlord, against
Claudius E. Harrell, as tenant. There was a final order in favor of
the landlord, and the tenant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

George C. Lay, for appellant.
Charles A. Bristed, in pro. per.

BISCHOFF, J. These proceedings were instituted by the land-
lord (respondent) for the possession of certain premises held by the
tenant (appellant) upon a petition which alleged the nonpayment of
rent due under a written lease, and the service upon the tenant of a
demand for payment within three days as an alternative to the land-
lord's proceeding to recover possession under the statute. At the
trial the tenant made a motion for the dismissal of the proceedings
because prematurely brought, in that the statutory three days of no-
tice had not expired at the date of the petition, and, this motion hav-
ing been denied, the tenant went into no evidence upon the merits,
but consistently objected to any proof on behalf of the landlord tend-
ing to show an actual previous demand for the rent. Upon the
plaintiff's evidence a final order was rendered in his favor, and the
point presented by this appeal is solely as to the sufficiency of the
allegations of the petition to give the district court jurisdiction of the
proceedings.

To our minds, the appellant's position appears to be well taken,
since the petition clearly failed to satisfy the statutory requirements;
and, in view of the objections interposed, there was no consent by the
tenant to the trial of issues other than those presented by the alle-
gations. Summary proceedings for nonpayment of rent may be found-
ed either upon an actual demand for the rent or upon an alternative
notice of three days, such as was here alleged (Code Civ. Proc. §

2231, subd. 2); and the petition must state the facts upon which the matter is thus based (Id. § 2235), failing a proper statement of which it is insufficient to give jurisdiction (People v. Kateltas, 12 Hun, 67; People v. Platt, 43 Barb. 116). Here the notice was served upon the 29th day of December, 1896, and the petition was verified the 2d day of January, 1897. , The statutory construction law (Laws 1892, c. 677, § 27, as amended by Laws 1894, c. 447) provides:

"A number of days specified as a period from a certain day within which or after or before which an act is authorized or required to be done means such number of calendar days exclusive of the calendar day from which the reckoning is made. Sunday or a public holiday, other than a half-holiday, must be excluded from the reckoning if it is the last day of any such period. * * * The day from which any specific number of days, weeks or months of time is reckoned shall be excluded in making the reckoning."

Excluding the day of service, the three-days notice in question expired with the 1st day of January, 1897, but this day was a public holiday (Laws 1895, c. 603, § 1), and, accordingly, the tenant had the whole of the succeeding day, January 2d, in which to make the payment. Upon that day, however, the petition which was the foundation of the proceeding was made, and this was before the landlord's right to dispossess the tenant, as alleged, accrued under the statute. Therefore the petition did not comply with the act (Code Civ. Proc. §§ 2231, 2235), and presented no ground for the maintenance of the proceeding (cases, supra). The fact that the precept was issued upon January 4th does not aid the respondent, since the jurisdiction of the justice depended upon a statement in the petition of the proper jurisdictional facts, one of which was the tenant's default after the expiration of the three-days notice, and upon its face the petition was defective in this regard, the default being an impossibility at the date of the allegations.

Final order reversed, with costs. All concur.