(21 Misc. Rep. 93.)

### BRISTED v. HARRELL.

(Supreme Court, Appellate Term. July 29, 1897.)

APPEAL—REVERSAL—RESTITUTION.
 Where a final order in summary proceedings awarding possession to the landlord was reversed for lack of jurisdiction of the justice to make it, restitution was awarded.

Action by Charles A. Bristed against Claudius E. Harrell for possession of real estate. An order awarding possession to plaintiff was reversed, and defendant asks that an order for restitution be incorporated in the order for reversal. Granted.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hatch & Wickes, for appellant.
Bristed & Donnelly, for respondent.

PER CURIAM. The final order herein, awarding possession to the landlord, was reversed for lack of jurisdiction in the justice to make it, because the petition was not founded upon the giving of the proper statutory notice. 20 Misc. Rep. 348, 45 N. Y. Supp. 918. The ten-

ant asks that a direction for restitution be incorporated in the order, and we are disposed to make such direction. While the nature of the defense which the tenant may have to the demand for rent is not now disclosed, still the demand was not properly the subject of inquiry in the proceedings had before the justice, whose jurisdiction over the case was fundamentally infirm. The reversal of the final order proceeded upon something more than a mere irregularity, as in People v. Hamilton, 15 Abb. Prac. 328. Here the defect was jurisdictional, and in such cases the necessity of awarding restitution appears to have been recognized. People v. Platt, 43 Barb. 116; People v. Keteltas, 12 Hun, 67. We cannot assume that the merits were with the landlord, since there has been no authorized adjudication upon the merits, and the parties should be placed in statu quo. Order signed as presented.