WITHERBEE, SHERMAN & COMPANY, Respondent, *v.*
HARRY B. WYKES, Appellant.

(County Court, Essex County, July, 1913.)

Summary proceedings — landlord and tenant — removal of tenant at
will — when final order in favor of landlord for possession reversed.

> Where the petition, in a summary proceeding before a
> justice of the peace to remove a tenant at will for holding over
> after the expiration of his term, alleges that petitioner on a
> certain day caused a notice in writing to be served on the
> tenant requiring him to remove from the demised premises
> within thirty days from the date of the service of said notice,
> and it is impossible to determine therefrom in which of the
> three alternative methods required by statute the notice was
> served, the justice acquired no jurisdiction, and a final order in
> favor of the landlord for the possession of the premises will be
> reversed, with costs, and restitution awarded to the tenant.

APPEAL by the defendant from a final order in sum-
mary proceedings made by a justice of the peace,
awarding to the plaintiff the delivery of the possession
of certain real property.

Robert W. Fisher, for appellant.

Stokes & Owen, for respondent.

PYRKE, J. The landlord brought this proceeding to
remove a tenant at will alleged to be holding over after
the expiration of his term. A final order awarding
delivery of possession to the landlord was made. The
defendant appeals, and challenges the jurisdiction of
the court below. The point urged is that the petition
was defective in its statement of the termination of
the tenancy.

Section 2236 of the Code of Civil Procedure provides that " where the person removed is a tenant at will * * * the petition must state the facts showing that the tenancy has been terminated, by giving notice, as required by law." The " notice required by law " is specified in section 228 of the Real Property Law, which provides in substance that a tenancy at will may be terminated by a written notice of not less than thirty days given in behalf of the landlord to the tenant, requiring the tenant to remove from the premises.

The section further provides three different ways by which service may be made. *First.* By delivery to the tenant. *Second.* By delivery to a person of suitable age and discretion residing upon the premises. *Third.* By affixing the notice upon a conspicuous part of the permises where it may be conveniently read, if neither tenant nor person of suitable age can be found.

The allegation of the petition in this proceeding as to the service of notice is " that your petitioner caused on the 20th day of January, 1913, a notice in writing to be served on said tenant, requiring him to remove from said premises within thirty days from the date of the service thereof." This allegation falls considerably short of a statement of facts showing the termination of the tenancy. It is impossible to determine from it in which of the three alternative methods the notice was served. Indeed, it is possible that the service was not made in accordance with any of those methods. For aught that appears it might have been served by mail. All that can be spelled out of this allegation is that a notice was communicated to the tenant in a manner that the landlord deemed service. In short, the allegation that the notice was " served on said tenant " is not a statement of fact but a conclusion of the pleader.

As an original proposition I should be inclined not to regard this defect as jurisdictional, but on this point I am apparently foreclosed by authority. While no decision has been called to my attention, in a holding over case, the authorities are numerous in the non-payment of rent cases. The analogy between the two classes of cases is so complete that the authorities in one cannot be overlooked upon the other.

In People ex rel. Morgan v. Keteltas, 12 Hun, 67, it was held that an allegation by the landlord that he had "demanded the said rent from the said tenants by a three days' notice, in writing, a copy of which is hereto annexed," etc., was not only clearly insufficient but constituted a fatal defect in the proceedings. This case has been repeatedly cited with approval. See Tolman v. Heading, 11 App. Div. 266; Beach v. McGovern, 41 id. 383; Stuyvesant Real Estate Co. v. Sherman, 40 Misc. Rep. 207.

The justice, therefore, not having acquired jurisdiction, the final order made by him was unauthorized and should be reversed, with costs, and restitution awarded to the tenant. See Bristed v. Harrell, 21 Misc. Rep. 93.

Final order reversed, with costs, and restitution awarded to tenant.