## WITHERBEE, SHERMAN & CO. v. WYKES.

(Supreme Court, Appellate Division, Third Department. November 12, 1913.)

1. LANDLORD AND TENANT (§ 303*)—SUMMARY PROCEEDINGS FOR POSSESSION—PETITION.

Under Code Civ. Proc. § 2236, providing that, where the person to be removed from real property by a summary proceeding is a tenant at will or at sufferance, the petition must state the facts showing that the tenancy has been terminated by giving notice as required by law, a petition merely alleging that notice in writing was served, requiring the tenant to remove from the premises, was insufficient to give jurisdiction to the justice of the peace, since it did not show whether the notice was given in any of the methods prescribed by statute.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 1303–1309; Dec. Dig. § 303.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. LANDLORD AND TENANT (§ 116*)—TENANCY FROM MONTH TO MONTH—TERMINATION—SERVICE OF NOTICE.

A notice to a tenant for an indefinite period at a monthly rental to surrender possession at the end of 30 days, when served by mail, is insufficient to terminate the tenancy.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 382–388, 395–400; Dec. Dig. § 116.*]

3. LANDLORD AND TENANT (§ 116*)—TENANCIES FROM MONTH TO MONTH—TERMINATION—NOTICE.

Where premises were rented August 1, 1904, at a specified rate per month for no fixed period, an indefinite tenancy from month to month was created which could be terminated only by notice to surrender at the end of the month, and a notice given January 20, 1913, requiring the tenant to remove within 30 days, was insufficient.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 382–388, 395–400; Dec. Dig. § 116.*]

4. LANDLORD AND TENANT (§ 317*)—SUMMARY PROCEEDINGS FOR POSSESSION—RESTITUTION.

Under Code Civ. Proc. § 2263, providing that the final order in a summary proceeding for the possession of land is reversed on appeal, the Appellate Court may award restitution to the party injured, and that the person dispossessed may also sue for the damages sustained by the dispossession, the awarding of restitution is discretionary and would be denied where the landlord had a clear right to terminate the tenancy by a proper notice, but a final order in his favor was reversed on the sole ground that the notice was insufficient and not properly served, since it would not be profitable to either party to restore the tenant's possession of premises from which he must be ousted as soon as the regular notice could be served, and he would therefore be remitted to his remedy for damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 1344; Dec. Dig. § 317.*]

Appeal from Essex County Court.

Summary proceeding for the possession of leased premises by Witherbee, Sherman & Co. against Harry B. Wykes. From an order of the county court (81 Misc. Rep. 474, 143 N. Y. Supp. 95), reversing a final order of a justice of the peace in favor of the landlord, petitioners appeal. Modified.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Stokes & Owen, of Port Henry, for appellant.

Robert W. Fisher, of Mechanicville, for respondent.

SMITH, P. J. [1] By the final order of the justice the petitioner as landlord was awarded possession of certain premises rented by the respondent. In the petition it is stated:

"That on or about the 1st day of August, 1904, your petitioner as landlord let and rented said premises unto Harry B. Wykes at the rate of $4 per month from the said 1st day of August, 1904, for no fixed period, which said term has expired.

"IV. That your petitioner caused, on the 20th day of January, 1913, a notice in writing to be served on said tenant, requiring him to remove from said premises within 30 days from the date of the service thereof. That the time within which said tenant was required to remove from said premises has ex-

pired. That the said tenant holds over and continues in possession of said premises after the expiration of his said term without the permission of your petitioner, his said landlord."

[2] The county judge has reversed the final order awarding possession to the petitioner, upon the ground that the petition did not state facts sufficient to give jurisdiction to the justice to make the order. By section 2236 of the Code of Civil Procedure the petitioner is required to "state the facts showing that the tenancy has been terminated by giving notice as required by law." The statute prescribes certain methods by which this notice to surrender may be given. The petition does not show that any one of those methods so prescribed was adopted. For anything that appears in the petition the notice may have been served by mail, which would not be sufficient to terminate this tenancy. The county judge was therefore right in holding that a mere allegation of service of notice, without alleging the manner of service, or alleging that the same was duly made, was insufficient to give jurisdiction to the justice to grant the order of removal.

[3] The county judge might well have put his decision also upon the ground that the notice was not sufficient, even though properly served. The tenancy is clearly an indefinite tenancy from month to month, and under the authorities a notice terminating such tenancy must give notice to surrender at the end of the month. People ex rel. Botsford v. Darling, 47 N. Y. 666.

[4] By section 2263 of the Code of Civil Procedure the court is authorized to award restitution, and such restitution was directed in the order here appealed from. The contention of the petitioner is that such restitution cannot be directed except upon six days' notice under section 3058 of the Code of Civil Procedure. As I view the case, it is not necessary to decide that question here. The right to award restitution is discretionary. The landlord has the clear right, by serving proper notice, to terminate that tenancy. I cannot conceive that it would be profitable, either for the landlord or for the tenant, to restore possession of the premises to the tenant in this case, from which he must be ousted as soon as the regular notice could be served. Under section 2263 the tenant has the right to recover such damages as he has sustained by the unauthorized order of the justice, and in my judgment he should be remitted to this remedy, by which he can get full compensation for any injury which he has suffered. The order of the county judge should therefore be modified so as to strike therefrom direction as to restitution, and, as modified, should be affirmed with costs to respondent.

Order modified so as to strike therefrom the direction as to restitution, and, as so modified, affirmed, with costs to respondent. All concur.