In the Matter of the Application of POWER CITY TRUST COMPANY, Petitioner, for the Removal of MYERS NOBEL and R. NOBEL, Doing Business under the Style and Firm Name of PENNSYLVANIA COAL COMPANY, from Certain Premises in the City of Niagara Falls, Defendants.

County Court, Niagara County, March 11, 1937.

*Franchot, Runals, Cohen, Taylor & Rickert* [*James W. Mallam* of counsel], for the petitioner.

*David J. Goldstein,* for the defendants.

GOLD, J. The attorneys for the petitioner and the defendants in the above-entitled proceeding appeared personally before me in court on the morning of March 10, 1937, and stated that a proceeding had been commenced by the petitioner against the defendants in City Court in the city of Niagara Falls for the removal of the defendants from certain premises owned by the petitioner. The judge of the City Court rendered judgment in favor of the petitioner for the removal of the defendants from the premises, but stated that he would not issue a warrant to dispossess until the defendants had an opportunity to apply for a stay of such warrant in County Court on March tenth.

It is apparent from the arguments of counsel before me that the judge of the City Court was obliged to pass his interpretation

upon the terms of the lease, particularly with reference to when it could be terminated by either party.

The term of renting is indefinite, except that either party has the right to terminate the leasing arrangement at any time upon sixty days' notice in writing to the other, mailed by registered mail. It provides that rentals at the rate of fifty dollars a month be paid monthly in advance on the first day of each and every calendar month.

Defendants contend that the sixty days' notice, provided for in the lease, could be served only at the expiration of any one month. Petitioner contends that the sixty days' notice could be served at any time.

Defendants cite *Witherbee, Sherman & Co.* v. *Wykes* (159 App. Div. 24).

It is apparent from a reading of the decision in the above case that the landlord rented certain premises to the tenant for no fixed period at the rate of four dollars a month. There is no question in such a case but that the landlord would have to serve a thirty days' notice at the end of a month. There was no agreement that a notice could be served by one party upon the other, terminating the lease in any other manner. The facts in each case, therefore, present a different situation to be passed upon by the courts.

In the case at bar this court has been advised by the judge of the City Court that the appeal from the judgment in the City Court has not been perfected according to statute. That in itself would be serious when a stay is sought under section 1443 of the Civil Practice Act. However, this court is taking into consideration the question as to whether or not the City Court judge properly interpreted the rights of the parties hereto under the lease with reference to its termination.

I am satisfied that the petitioner did everything that was required of it with reference to terminating the term of the lease before the proceeding was commenced in City Court for the removal of the defendants from the premises, and that if the appeal were properly before me upon the facts, this court would sustain the judgment of the City Court.

A stay if granted would, therefore, only continue the defendants in the possession of property belonging to the petitioner and to the possession of which the defendants are not entitled.

The motion for a stay is, therefore, denied.