(3 Misc. Rep. 99.)

## HOFFMAN v. VAN ALLEN.

(Common Pleas of New York City and County, General Term.　March 6, 1893.)

1. TENANCY FROM MONTH TO MONTH—NOTICE TO QUIT.
     Assuming that a month's notice to quit is not necessary in case of a simple tenancy from month to month, it is necessary where the lease is from month to month, "so long as the rent is paid."

2. SUMMARY PROCEEDINGS AGAINST TENANT—PLEADING AND PROOF.
     A petition in summary proceedings, alleging a verbal letting about November 1st "for the term of one month," is not sustained by proof of an oral lease in April from month to month, "so long as the rent is paid."

Appeal from special term.

Summary proceeding by John Hoffman against James Van Allen, his tenant, to dispossess defendant for holding over. ·From an order in favor of petitioner, defendant appeals.　Reversed.

Argued before BISCHOFF and PRYOR, JJ.

Julius Heiderman, for appellant.

John McMahon, for respondent.

PRYOR, J.　In the order before us we have an instance of the "injustice and oppression" which Judge Bronson apprehended from summary proceedings unless they be "carefully watched."　Hill v. Stocking, 6 Hill, 314, 318.　The petition alleges a verbal letting on or about the 1st November, 1892, "for the term of one month."　The proof was of an oral lease, in April, from month to month, "so long as he would pay the rent."　The evidence failed to sustain the petition.　Romeyn v. Sickles, 108 N. Y. 650, 652, 15 N. E. Rep. 698.　Waiving the discrepancy between the pleading and proof, still it appears the petitioner miscarried in making a case for an order of dispossession.　As to the notice requisite in summary proceedings the distinction is between tenancies for a month and tenancies from month to month; in the former no notice being necessary, while in the latter the formal notice is indispensable.　Wilson v. Taylor, 8 Daly, 256; Geiger v. Braun, 6 Daly, 506; Anderson v. Prindle, 23 Wend. 616.　Assuming, as held in some cases,—Ludington v. Garlock, (Sup.) 9 N. Y. Supp. 24, and citations,—that notice be not requisite in simple tenancies from month to month, here was something more, namely, a letting from month to month, "so long as the rent was paid."　These qualifying words, in effect, make the term indefinite, and entitle the tenant to hold so long as he **pays** the rent, or until he receives a month's notice to quit.

The order reversed, with costs, and restitution directed.