(5 App. Div. 590.)

## HUNGERFORD v. WAGONER.

(Supreme Court, Appellate Division, Third Department.   May 21, 1896.)

1. **Tenancy from Month to Month—Notice to Quit.**

   Under Laws 1894, c. 447 (Statutory Construction Law) § 27, providing that "the day from which any specified number of days, weeks, or months of time is reckoned shall be excluded in making the reckoning," where notice to quit was served on a tenant from month to month on October 2d, a summary proceeding brought on November 2d is premature, as the tenant under the notice had the whole of that day to quit.

2. **Same—What Constitutes Tenancy from Month to Month.**

   Evidence that a tenant, at the time of hiring the house, told the landlord that he wanted it for the winter, and for one year from April 1st following, to which the landlord replied that he could have it for a certain sum per month, the lease is one from month to month, and the tenant is entitled to a month's notice to quit.

Appeal from Albany county court.

Summary proceedings by Frederick Hungerford against James E. Wagoner to recover possession of a house and lot in the town of Bethlehem. From a judgment affirming a judgment of the justice's court defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

W. Frothingham, for appellant.
N. B. Van Derzee, for respondent.

MERWIN, J. The plaintiff, in his petition, which was dated November 2, 1895, alleged that, on or about the 2d day of November, 1890, the petitioner, as landlord, let and rented the premises in question to the defendant "at the rate of $4 per month from the said 2d day of November, 1890, for no fixed period, which said term has expired," and it alleged the service of a month's notice to quit. The defendant, in his answer, denied the main allegations of the petition, except as to amount of rent, and alleged that the renting was for the term of one year from April 1, 1891, and that, after that date, he held over from year to year, so that his tenancy would not expire until April 1, 1896. He also alleged that, on the 1st of November, 1895, he paid to the petitioner, and the latter accepted, the sum of $4 for one month's rent, ending November 30th following.

The payment of $4 for the rent of November, 1895, was testified to by the defendant and by another witness, and was not in terms denied by the plaintiff. The counsel for the plaintiff claims

that this was for rent for occupancy prior to November 1st. Assuming that the justice may have so found, the question, then, is whether the tenancy has ever been properly terminated. It was alleged that a month's notice to quit was given. A notice was served on the 2d of October, 1895, and the proceeding was commenced on the 2d of November, 1895. "The day from which any specified number of days, weeks, or months of time is reckoned shall be excluded in making the reckoning." Section 27 of the statutory construction law, as amended by chapter 447 of the Laws of 1894. "The rule is well settled that, in computing time, the first day, or the day when the time begins to run, is to be excluded." Parker, J., in Judd v. Fulton, 10 Barb. 117. So that, under the month's notice which was served on October 2d, the defendant had all of the 2d of November in which to leave; and on that basis the proceeding was prematurely commenced.

It is, however, claimed by the counsel for the plaintiff that no notice to quit was necessary. The renting here, according to the petition and according to the testimony of the plaintiff, was for no fixed period. There was no writing. The plaintiff testifies that, on or about November 1, 1890, the defendant came to him, and asked him if he could have the premises, and the plaintiff replied he could at $4 a month and make his own repairs, and that nothing was said about the length of term he was to occupy; that he (defendant) paid $20 down, and made payments afterwards, but the plaintiff cannot state when, but they were not made regularly. The defendant testifies that, in December, 1890, he hired the premises; that he told plaintiff he wanted the house for the winter and one year from the 1st of April then next; and the plaintiff replied, "All right"; that he was to pay him $4 a month, payable every month,—nothing being said when payable, whether first or last of month; and that he paid, most of the time, about the 10th or 15th of the month.

In People v. Darling, 47 N. Y. 666, it was held that, "where a tenant is in possession under a parol agreement, void by the statute of frauds, and has occupied for a year, paying the rent monthly, this creates a tenancy from month to month, which can only be terminated by a month's notice to quit, expiring with the end of some month reckoning from the beginning of the tenancy." The doctrine of this and kindred cases, applied to the evidence on the part of the defendant, would entitle him to a month's notice to quit. The evidence on the part of plaintiff presents no more definite term. It was not a lease for a definite time, and then a holding over, in fact or by implication, for a like definite time. It was, in substance, that the defendant, as long as he paid $4 a month, could occupy, until the plaintiff gave him notice to the contrary. In Pugsley v. Aikin, 11 N. Y. 494, 498, it was held that a renting "for one year from the 1st day of April, 1848, and an indefinite period thereafter," could not be determined except by notice. See, also, Wilson v. Taylor, 8 Daly, 256; Hoffman v. Van Allen, 3 Misc. 99, 23 N. Y. Supp. 682; Ludington v. Garlock, 9 N. Y. Supp. 24.

We are of the opinion that the defendant was entitled to notice to quit, and that, the notice given being insufficient, the plaintiff failed to make out a case for dispossession.

Judgment of the county court and of the justice reversed, with costs in all the courts. All concur.