(27 Misc. Rep. 536.)

KLINGENSTEIN v. GOLDWASSER.

(Supreme Court, Appellate Term. May 24, 1899.)

1. LANDLORD AND TENANT—INDEFINITE TERM.
      A tenancy under an oral agreement to pay a stipulated monthly rental during the landlord's life is a tenancy for an indefinite term.

2. SAME—NOTICE TO QUIT.
      A tenant from month to month for an indefinite term is entitled to one month's notice to quit.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Bernhardt Klingenstein against Max Goldwasser. From a judgment awarding plaintiff possession of premises, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

M. D. Steuer, for appellant.

Edward D. Newman, for respondent.

FREEDMAN, P. J. The agreement under which the tenant in these proceedings claims possession of the premises described in the petition was an oral one, made on September 1, 1895, with one Mrs. Strohmenger, who had a life interest only in the premises, and who died in November, 1898. The landlord and petitioner herein is the grantee of the heirs of said Mrs. Strohmenger. The tenant remained in possession of the premises, paying a monthly rental of $16 each month, from the time of the death of Mrs. Strohmenger up to the time these proceedings were instituted. The notice requiring the tenant to remove from the premises was dated and served on the 19th day of January, 1899, and the precept issued in the proceedings was returnable on the 6th day of February, 1899.

Charles L. Strohmenger testified that he was a son of Mrs. Strohmenger, the lessor, and was present when his mother made the lease with the tenant. He testifies that his mother would rent the premises in no other way than from month to month, and that she said the tenant could have the premises "as long as he paid the rent, or until we sell out." Elmer Heizenberg, the housekeeper, testified that he heard the conversation between Mrs. Strohmenger and the tenant, and that Mrs. Strohmenger said that she rented the store for $16 per month, and that he (Goldwasser, the tenant) could stay there as long as she lived. The tenant himself testified that Mrs. Strohmenger said, "It will cost you $16, and you can live there as long as you want to." All the testimony, therefore, substantially agrees that the tenancy in the case at bar was for an indefinite term. That being the case, the tenant was entitled to retain possession so long as he paid his rent, or until he received one month's notice to quit. Hoffman v. Van Allen, 3 Misc. Rep. 99, 22 N. Y. Supp. 369. The order appealed from, which was made on the theory that the hiring was by the month only, is therefore erroneous, and must be reversed.

Order reversed, with costs to appellant. All concur.