### BENT v. RENKEN.

(Supreme Court, Appellate Term. January 7, 1904.)

1. LANDLORD AND TENANT—LEASE FOR YEARS—NOTICE TO QUIT—EFFECT—RIGHTS OF PARTIES.

Where a tenant was in possession of premises under a 3-years written lease, a 30-days notice to quit, served on him by the landlord, did not change the legal relationship of the parties, or in any way affect the rights of the tenant.

2. SAME—VOID LEASE—ACCEPTANCE OF RENT SPECIFIED THEREIN—EFFECT.

The acceptance by a landlord of rent at the rate per month specified in a void lease for a term of years creates a common-law tenancy "from month to month," entitling the tenant to at least 30 days' notice before the tenancy could be terminated.

3. SAME—MONTHLY HIRING—STATUTORY FIVE DAYS' NOTICE TO QUIT—PLEADING—PROOF.

Where, in dispossess proceedings, the petition was based on a monthly hiring, requiring under the statute a 5-days notice to quit, and did not allege service of a 30-days notice, nor rely on the termination of the tenancy thereunder, and the proof established a common-law tenancy from month to month, the fact that such latter notice was served availed plaintiff nothing.

4. SAME—FATAL VARIANCE.

The variance between the petition and proof was fatal.

Appeal from, Municipal Court, Borough of Manhattan, Tenth District.

Action by Richard M. Bent against Charles O. Renken. Appeal by defendant from a final order of dispossess in summary proceedings. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and GREENBAUM, JJ.

Holm & Smith (Victor E. Whitlock, of counsel), for appellant.
Samuel S. Slater, for respondent.

GREENBAUM, J. The respondent instituted dispossess proceedings alleging in the petition that the defendant hired from him the store and basement in the premises 767 Tenth avenue, in the city of New York "for the term of one month from the 1st day of July, 1903, and by the month only," which term "expired on the 1st day of August, 1903." The petition also alleges the service of the five-days statutory notice required to be served upon a monthly tenant. The answer alleges a lease made and executed between the landlord and tenant dated on or about the 20th day of April, 1903, leasing the said premises for a period of three years from the 1st day of May, 1903, the entry into possession of said premises pursuant to said lease, payment of rent and continuance of possession thereunder ever since. Under the issues framed a trial was had, and the plaintiff, in support of the allegations in the petition, showed a state of facts substantially as follows: That on or about the 20th of April, 1903, the landlord executed a lease to the tenant for the term of three years commencing May 1, 1903, upon the understanding, however, that one Hoppe, who was active in the negotiations of the lease, was to become the surety thereon; that after the delivery of the signed lease to the tenant the latter repudiated any agreement to procure a surety, and, although he stated he would endeavor to have Hoppe become such surety, the said Hoppe declined so to do; that the tenant went into possession under said lease with the landlord's consent on May 10th; that thereafter the landlord collected rent for the months of June and July, the rent for May having been paid prior to the execution of the lease; that on or about the 1st of July the landlord sent the tenant a notice that he was "a tenant from month to month" of the premises in question at the monthly rent of $100, being the amount fixed in the written lease, and giving him further notice that "possession of the premises must be given to the landlord on August 1, 1903." It was also established at the trial that a notice to quit was served on the 25th of July, requiring the tenant to deliver up possession of the premises "pursuant to the provisions of the statute relating to the rights and duties of landlord and tenant," and notifying the tenant that, in the event of his failure to remove from the said premises as required, "the landlord will commence proceedings under the statute to remove you therefrom." The defendant and Hoppe absolutely denied any arrangement such as was testified to by the plaintiff respecting suretyship, and asserted that the lease was made to the tenant without any qualifications or conditions. At the conclusion of the landlord's case, and also after

all the evidence had been taken, the tenant moved to dismiss the proceedings upon the ground that the landlord had failed to establish facts sufficient to entitle him to the relief desired, which motions were denied, and to which the tenant excepted.

The situation presented by the plaintiff's proofs shows that the relationship of landlord and tenant was not created, as alleged in the petition, under an agreement of letting for one month from the 1st of July, 1903, but, on the contrary, affirmatively shows that the tenant went into possession under a three-years lease, which the landlord contended was void. The notice sent to the tenant by the landlord on July 1st, to which the tenant paid no attention, could not change the legal relationship of the parties, or in any way affect the rights of the tenant, as the latter was not bound to give any heed to such a notice. There is therefore an absence of any proof substantiating the allegations of the petition as to the hiring, and upon such a state of facts the justice should have dismissed the proceeding.

Without considering the power of the Municipal Court to pass upon the validity of the lease, it is evident, even if we assume that the lease was void or inoperative, as the landlord contends, that the acceptance of the rent at the rate specified in the lease—$100 per month—created at most a relationship between the parties, which under the common law was termed a tenancy "from month to month," entitling the tenant to at least 30 days' notice, before this relationship could be terminated. Anderson v. Prindle, 23 Wend. 616; Witt v. Mayor of New York, 6 Rob. 441, 448. Although the landlord in this case served a notice on July 1st demanding possession of the premises on August 1, 1903, this will avail him nothing, for the reason that he does not allege a 30-days notice in his petition, nor rely upon the determination of the tenancy under this notice. His petition is based upon a monthly hiring under which the tenancy ended on the 1st of August, 1903, and which required under the statute the five days' notice to quit. The five-days notice thus required was designed for the protection of tenants, and not to interfere with the common-law rights of a tenant that existed prior to the passage of the statute. McAdam on Landlord & Tenant (3d Ed.) vol. 1, p. 107; Hoffman v. Van Allen, 3 Misc. Rep. 99, 22 N. Y. Supp. 369; Hungerford v. Wagoner, 5 App. Div. 590, 39 N. Y. Supp. 369.

The variance between the petition and the proof was fatal, and the order of the justice must be reversed, with costs. All concur.