RYBICKI et al. v. KALISH.

(Supreme Court, Appellate Term. March 5, 1908.)

LANDLORD AND TENANT—INDEFINITE TERM—NOTICE TO QUIT.

There was a tenancy for an indefinite term, entitling the tenant to a month's notice to quit before he could be dispossessed for holding over after the expiration of his term, where he occupied the premises under an agreement that he could remain for one month, or until the tenement house department should serve a notice requiring his removal.

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Summary proceeding by Antonio Rybicki and another against Abraham Kalish. From a final order in favor of the landlords, the tenant appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and MacLEAN, JJ.

Joseph Wilkenfeld, for appellant.
Louis Levene, for respondents.

GILDERSLEEVE, P. J. This is an appeal from a final order made in a summary proceeding, entered upon a verdict of a jury in favor of the landlords. The landlords based their right to dispossess the tenant upon the ground that the tenant was holding over after the expiration of the term. The notice of election to terminate the tenancy was dated and served November 22, 1907, and required the tenant to move on December 1, 1907, nine days thereafter. Edward C. Rybicki, the agent of the landlords, and the person who arranged the terms of the lease with the tenant, testified that the tenant had

occupied the premises (basement floor) for about three years; that on April 24, 1907, he said to the tenant:

"I am informed by the tenement house department * * * that it is serving notices on all landlords who have basements in the houses and in the rear in which people occupy rooms; * * * that owing to the largeness of his family * *. * and the lack of ventilation in the store, the agent warned me that I would in time be served with a notice compelling said tenant to vacate those rooms. * * * Hereafter, from the 1st of May, you will be recognized, as you always have been, as a monthly tenant, and you can live here as long as the tenement house department does not bother us."

Again on cross-examination the same witness said:

"I told the tenant that he could remain in those premises until I received notice from the tenement house department."

At the close of the landlords' case, and also at the close of the entire case, the counsel for the tenant moved to dismiss the petition upon several grounds, among which was the following:

"That it appears from the evidence of the landlords' agent that the hiring, or alleged agreement which was made on April 24th, was' not an agreement for the term of one month, as set forth in the petition, but is an agreement for an indefinite hiring."

The motions were denied and exceptions duly taken. Tenant's counsel requested the court to charge the jury as follows:

"If the jury believe that on April 24th the landlords' agent said: 'You can remain in those premises for one month, or until such time that I receive a notice from the tenement house department, and that you are then to vacate,'—that this is an agreement for an indefinite term, and that the jury should render a verdict in favor of the tenant."

And again:

"That under the law of this state, if the agreement was made for any indefinite term, or until the occurrence of a certain event, that there must be a verdict for the tenant."

Each of these requests were refused, and exception taken. The foregoing propositions, urged upon the learned court by the tenant's counsel, correctly stated the law applicable to the case, and the rulings constitute error requiring reversal. The testimony offered by the landlords in support of the petition showed a letting for an indefinite term, and therefore a question of law was presented for the determination of the court; and under the well-settled law of this state the court should have dismissed the petition. Upon the facts established, the notice to terminate the tenancy was not a sufficient notice. The tenant was entitled to a month's notice. Hoffman v. Van Allen, 3 Misc. Rep. 99, 22 N. Y. Supp. 369; Hungerford v. Wagoner, 5 App. Div. 599, 39 N. Y. Supp. 369; Klingenstein v. Goldwasser, 27 Misc. Rep. 536, 58 N. Y. Supp. 342; McAdam on Landlord & Tenant (3d Ed.) 96. In the Klingenstein Case, Mr. Justice Freedman, writing for this court said:

"He testifies that his mother would rent the premises in no other way than from month to month, and that she said the tenant could have the premises 'as long as he paid the rent or until we sell out.' * * * All the testimony, therefore, substantially agrees that the tenancy in the case at bar was for an indefinite term. That being the case, the tenant was entitled to

retain possession as long as he paid his rent, or until he received one month's notice to quit."

The final order should be reversed, with costs to the appellant. All concur.