MANDEL v. KOERNER.

(Supreme Court, Appellate Term, First Department.   March 4, 1915.   On Rehearing, April 27, 1915.)

1. SET-OFF AND COUNTERCLAIM ⬤⟳36—DEBTS WHICH CAN BE SET OFF.
    A tenant, who had possession of premises under an agreement entitling him to hold so long as he paid rent in advance on the 1st of each month, unless the landlord gave him notice, had funds on deposit in the landlord's bank.  The superintendent of banks in August took possession of the landlord's property and business for the purpose of liquidation.  *Held*, that rent falling due on the 1st of September was not a debt due from the tenant which could be set off against his deposit.
    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 65–69;  Dec. Dig. ⬤⟳36.]

On Rehearing.

2. SET-OFF AND COUNTERCLAIM ⬤⟳36—DEBTS WHICH CAN BE SET OFF.
    A tenant had funds on deposit in the landlord's bank.  On August 4th the superintendent of banks took possession of the landlord's property and business for the purpose of liquidation.  *Held*, that where the tenant occupied the premises on September 1st under an agreement made prior to August 4th, which provided that the tenancy should be from month to month, rent payable in advance, the tenant could set off the rent for September, due the 1st, against his deposit, for both the tenant and the landlord were bound to give 30 days' notice.
    [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 65–69;  Dec. Dig. ⬤⟳36.]

3. LANDLORD AND TENANT ⬤⟳116—MONTH TO MONTH—NOTICE.
    Where a tenancy is from month to month, rent payable in advance, 30 days' notice to quit is necessary;  but if the tenancy be a merely monthly one, which is to be renewed for each month, no notice is necessary.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 382–388, 395–400;  Dec. Dig. ⬤⟳116.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Summary proceedings to dispossess a tenant by Adolf Mandel against Benny Koerner.  From a final order for defendant (149 N. Y. Supp. 455), plaintiff appeals.  Reversed, and final order directed for the landlord.

Argued February term, 1915, before GUY, PENDLETON, and SHEARN, JJ.

Jeremiah T. Mahoney, of New York City (Warren C. Fielding, of New York City, of counsel), for appellant.

Harry W. Newburger, of New York City (Lawrence S. Greenbaum, of New York City, of counsel), for respondent.

SHEARN, J.   The landlord instituted summary proceedings against the tenant for the nonpayment of rent for the month of September, 1914.   Prior to August 4, 1914, the landlord was engaged in the busi-

⬤⟳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ness of private banker in the city of New York. On August 4, 1914, the superintendent of banks of the state of New York took possession of the landlord's property and business for the purpose of liquidating the same. On August 5, 1914, a petition in involuntary bankruptcy was filed against the landlord in the United States District Court, which proceedings at the time of the trial were still pending; no adjudication in bankruptcy having been made by that court. The tenant occupied an apartment in the premises of the landlord under an oral agreement for an indefinite time; the agreement providing that the monthly rental of $12 should be due and payable on the 1st day of each and every month in advance. The tenant was a depositor in the private bank of the landlord, and at the closing of the bank, August 4, 1914, had on deposit to his credit $490. Instead of paying the rent for the month of September, which was due and payable September 1st, the tenant demanded that the rent be set off against his deposit, which was refused by the superintendent of banks on behalf of the landlord, whereupon these dispossess proceedings were instituted.

[1] Both sides concede that the right to the set-off must be determined as of the time when the superintendent of banks took possession of the landlord's bank, which was August 4, 1914. The issue, then, is whether on that date there were mutual debts between the estate of the bankrupt landlord and the tenant. There being no dispute that the deposit was a debt of the bankrupt to the tenant, the question is merely whether the rent falling due under the monthly tenancy on September 1, 1914, was a debt on August 4, 1914. Clearly it was not. This is not a case of a claim maturing after bankruptcy, based upon an obligation antedating bankruptcy, as, for example, would be the case if the tenancy had been created by a lease for a definite period. Here the agreement was, in substance, merely that the tenant, as long as he paid $12 a month in advance on the 1st of each month, could occupy the premises until the plaintiff gave him notice to the contrary. Hungerford v. Wagoner, 5 App. Div. 590, 592, 39 N. Y. Supp. 369. On August 4, 1914, there was no obligation upon the tenant to continue to occupy the premises, and, of course, there was no obligation to pay unless he continued to occupy. Without an obligation on the part of the tenant there could be no debt. The obligation to pay the September rent came into existence on September 1, 1914, and not before. There was, therefore, no mutuality of debts on August 4, 1914, and the essential element warranting a set-off was lacking.

The final order should be reversed, with costs, and a final order directed for the landlord against the defendant, with costs. All concur.

## On Rehearing.

The landlord instituted summary proceedings against the tenant for the nonpayment of rent for the month of September, 1914. Prior to August 4, 1914, the landlord was engaged in the business of private banker in the city of New York. On August 4, 1914, the superintendent of banks of the state of New York took possession of the landlord's property and business for the purpose of liquidating the same. On August 5, 1914, a petition in involuntary bankruptcy was filed against the landlord in the United States District Court, which pro-

ceedings at the time of the trial were still pending, no adjudication in bankruptcy having been made by that court.

[2, 3] The tenant occupied an apartment in the premises of the landlord under an oral agreement, the terms of which must be spelled out of the following allegations in the agreed statement of facts:

"That Benny Koerner, the tenant herein, occupied an apartment in said premises at an agreed rental of $12 per month, which said sum was due and payable for the month of September, on the 1st day of September, 1914. That it was agreed between the landlord and the tenant that the said monthly rental of $12 shall be due and payable the 1st day of each and every month in advance, and said sum of $12, the rental of the premises for the month of September was due and payable on the 1st day of September, 1914, which sum the tenant admits is due the landlord under said agreement."

The tenant was a depositor in the private bank of the landlord, and at the closing of the bank, August 4, 1914, had on deposit to his credit $490. Instead of paying the rent for the month of September, which was due and payable September 1st, the tenant demanded that the rent be set off against his deposit, which was refused by the superintendent of banks, on behalf of the landlord, whereupon these dispossess proceedings were instituted.

Both sides concede that the right to the set-off must be determined as of the time when the superintendent of banks took possession of the landlord's bank, which was August 4, 1914. The issue, then, is whether on that date there were mutual debts between the estate of the bankrupt landlord and the tenant. There being no dispute that the deposit was a debt of the bankrupt to the tenant, the question is merely whether the rent that fell due on September 1, 1914, was a debt on August 4, 1914. The rent accruing September 1, 1914, could not have been a debt on August 4, 1914, unless the tenancy was under an antecedent agreement for a term other than that of a monthly hiring. For example, if the tenancy had been under an agreement made prior to August 4, 1914, for a fixed term, or even from month to month, the situation would present a case of a claim maturing after bankruptcy, based upon an obligation antedating bankruptcy, and thus warrant a set-off. Although the decision turns entirely upon the terms of the hiring, and although this case is said to be in the nature of a test and of general importance, for some inexplicable reason neither side devoted any consideration to this question in the briefs originally submitted.

It is now urged by the respondent that it is clear from the agreed statement of facts that the tenancy was from month to month under an antecedent agreement, and therefore that the set-off should be allowed. Respondent's conclusion would be entirely sound if the premises were due. Where there is a tenancy from month to month, the landlord must give the tenant 30 days' notice to quit, and the mutual obligation rests on the tenant to give the same notice to the landlord. So that, if the tenant occupied the premises on September 1st under an agreement made prior to August 4th, which provided that the tenancy should be from month to month, rent payable in advance on the 1st day of each month, the tenant would on August 1st be under an obligation, then existing, to pay the September rent, whether he occu-

pied the premises or not. On the other hand, if the tenancy were a monthly one, it would have to be renewed monthly, and to terminate the tenancy no notice would be necessary, and, consequently, the obligation to pay the September rent would spring into existence on September 1st, and not before.

Although there is a so-called agreed statement of facts, and although the controversy turns entirely upon the tenancy, the opposing counsel totally disagree as to the tenancy. Counsel for the appellant rejects the claim that the tenancy was shown to be from month to month. While the opinion of the court below refers to another and prior proceeding involving the rental for August, 1914, there is nothing before this court alleging, or even indicating, any occupation or agreement prior to September. The statement of facts merely alleges the occupation of the premises in September at an agreed rental of $12 per month, due and payable for the month of September on the 1st day of September, 1914. True, it is also alleged that:

"It was agreed between the landlord and the tenant that the said monthly rental of $12 shall be due and payable on the 1st day of each and every month in advance."

But it is not alleged that the agreement was made prior to August 4th, or that the tenant occupied the premises in August pursuant to such an agreement. On the face of the statement of facts it appears that the tenant hired the premises for the month of September, and from month to month thereafter. Such a hiring is a monthly one. People ex rel. Aldhouse v. Goelet (General Term, First Department) 14 Abb. Prac. (N. S.) 130. "A renting of premises by the month, and which is to be from month to month, can bear but one interpretation, viz., that, to be continued, it must be renewed monthly, and to terminate the tenancy no notice is necessary." McAdam on Landlord & Tenant (4th Ed.) § 179, p. 672.

Upon the agreed statement of facts submitted, concerning which counsel so radically disagree, it is impossible to spell out any obligation on the part of the tenant existing on August 4, 1914, to pay the rent that accrued on September 1, 1914. While the tenant fails in this proceeding, upon the statement of facts presented, the legal question, of importance to all depositors who were tenants of Mandel, is decided, so far as may be done herein, in favor of the contentions made in behalf of the depositors, to wit: Tenants of Mandel, who occupied the premises on August 4th pursuant to antecedent agreements, either for a fixed term or from month to month, as distinguished from a mere monthly hiring, are entitled to set off their deposits, pro tanto, against rent subsequently accruing, until the termination of the tenancy by 30 days' notice.

The decision heretofore rendered is adhered to, and the final order appealed from reversed, with costs, but without costs upon reargument, and a final order is directed to issue in favor of the landlord against the tenant, with costs in the court below. All concur.