MARY B. HAND, Plaintiff, *v.* JULIUS KNAUL, Defendant.

(County Court, Onondaga County, November, 1921.)

Landlord and tenant — oral lease — rent payable monthly in advance — when tenant not obliged to give thirty days' notice — leaving key with janitor.

Under an oral lease none of the terms of which appeared in evidence, except that the rent was payable monthly in advance, defendant first occupied an apartment in plaintiff's building for which he paid a stipulated rent but later occupied another apartment in said building at an increased rent until some time in May, 1920, when plaintiff sent him a written notice that, beginning in June following, the rent would be fifty dollars a month, and defendant having paid the June rent as demanded vacated the premises about the end of the month. In an action to recover the rent for the month of July it appeared that defendant gave plaintiff no notice of his intention to vacate the premises, except that on June twenty-seventh he informed the janitor that he intended so to do and caused the key to be left at plaintiff's home while she was out. There was testimony which would warrant a finding that the notice to the janitor was communicated to plaintiff, who on July first, upon tendering back the key to defendant, demanded rent for the month of July, which the defendant refused to pay, claiming that the tenancy had been terminated. *Held,* that the direction of a verdict in favor of plaintiff on the ground that a thirty days' notice to terminate the tenancy was not given by defendant, was error, and the judgment entered on the verdict will be reversed and a new trial ordered.

The judgment entered on the verdict cannot be sustained on the ground that no reasonable notice to terminate the tenancy was given by defendant, and assuming plaintiff's version of the case to be entirely true defendant was entitled to a dismissal of the complaint.

APPEAL from judgment of the Municipal Court of the city of Syracuse in favor of plaintiff.

Edwin M. Wells, for plaintiff.

Scully & Benson, for defendant.

SENN, J. This is an appeal from a judgment of fifty dollars and costs rendered in the Municipal Court of the city of Syracuse, in favor of the plaintiff and against the defendant, on the 24th day of January, 1921.

The facts are briefly as follows: For about six years the defendant was a tenant of plaintiff's, occupying an apartment in a building owned by her known as the Sylvester Flats in the city of Syracuse. There was no written lease and it does not appear from the evidence just when the tenancy began, nor how long it was agreed that it was to run, nor any of the terms of the lease, except that the rent was payable in advance monthly. At first defendant occupied an apartment for which he paid twenty dollars or twenty-two dollars per month. Later he occupied an apartment for which he paid thirty-five dollars per month, and this was so until some time in May, 1920, when the plaintiff sent the defendant a written notice that beginning in June following, the rent would be fifty dollars per month. Thereupon the defendant continued in the apartment until some time about the end of June, when he moved out, having paid the plaintiff fifty dollars rent for that month.

Defendant gave plaintiff no notice of his intention to vacate the premises except that on June twenty-seventh he informed the janitor that he was about to vacate the premises and caused the key to be left at plaintiff's home while she was out. This was about

the last of June. It was not very satisfactorily shown that the notice to the janitor was by him communicated to the plaintiff, still there was testimony which would warrant a finding that it was. On July first plaintiff called on the defendant and tendered him back the key, at the same time demanding rent for the month of July, which defendant refused to pay, claiming that the tenancy was terminated. Plaintiff then brought action for one month's rent. On the trial there was a jury and at the close of the evidence the court directed a verdict for the plaintiff in the sum of fifty dollars, holding that the tenant could not terminate the tenancy except by a notice of thirty days and that the necessary notice was not given.

The question to be here determined is whether the court was justified in directing that verdict.

The first thing to be considered is whether a notice of thirty days is necessary to terminate such a tenancy. Upon this proposition the cases are not entirely in harmony and there is at least a seeming conflict of authority. Usually a distinction is made between a "monthly" hiring and a hiring "from month to month." *Schneider* v. *Amendola,* 113 N. Y. Supp. 517; *Mandel* v. *Koerner,* 152 id. 847, 850. In some of the cases hereafter cited, it will be seen that this distinction in terms was not recognized, which may account for some of the apparent disagreement in the opinions. Where the distinction is recognized, a monthly hiring or tenancy is where the premises are actually or by necessary implication hired for the single term of one month and the tenancy automatically expires at the end of each month, and is renewed for another month whenever the tenant holds over into the next month. Such a tenancy requires no notice for its termination. The tenant may remove during that month without notice to the landlord and is not liable for rent for the

ensuing month.  Or the landlord may, at the end of the month, without previous notice, treat the tenancy as terminated and, if necessary, may have summary proceedings against the tenant as one holding over at the expiration of his term.  The tenancy from month to month is where the tenant's term is indefinite and uncertain although the rent is paid monthly and is described in some of the cases as an "indefinite tenancy from month to month." *Witherbee, S. & Co.* v. *Wykes,* 159 App. Div. 24, 26.  Such a tenancy requires a notice of thirty days for its termination.  This is not under any statute but is probably due to its analogy to a tenancy at will or by sufferance which is for an indefinite term (*Banks* v. *Carter,* 7 Daly, 417), and requires a notice of thirty days to terminate.  Real Prop. Law, § 228.  Likewise, it is somewhat analogous to the common law tenancy from month to month, which required a month's notice to terminate. *Anderson* v. *Prindle,* 23 Wend. 616.  Where there is an obligation to give notice, other than statutory, it is binding on both parties, their rights and duties being correlative and reciprocal. *Adams* v. *City of Cohoes,* 127 N. Y. 175, 184.

There are cases where the tenancy partakes somewhat of the nature of a monthly tenancy, but where its duration is nevertheless uncertain, where the authorities have intimated, if not held, that a reasonable notice of termination is required (*Ludington* v. *Garlock,* 9 N. Y. Supp. 24), and this phase of the matter I will discuss later.

In *O'Brien* v. *Clement,* 160 N. Y. Supp. 975, it was held that where a defendant is a tenant from month to month he was required to give a month's notice of intention to quit, but in that case the defendant was a tenant from month to month by reason of the lease under which he occupied being void which would make

him a common law tenant from month to month as in *Anderson* v. *Prindle,* 23 Wend. 616, which was a case of a lease void under the Statute of Frauds and the court held that the legal construction of the acts of the parties in accepting and paying rent monthly was to create a tenancy from month to month, entitling the tenant to a month's notice to quit at the end of some month from the commencement of the tenancy. See, also, *Bent* v. *Renken,* 86 N. Y. Supp. 110.

In *Gilfoyle* v. *Cahill,* 18 Misc. Rep. 68, the defendant tenant had agreed to execute a written lease for five years, six and a half months, but after taking possession refused to execute the lease. He paid rent monthly in advance as orally agreed. The court held that the facts sustained a finding of a letting " by the month or from month to month." The question of the necessity for notice was not really at issue because the tenant was held liable for one month's rent on the ground of holding over, but Judge McAdam wrote that the tenancy was a definite one by the month, expiring at the end of any month the tenant saw fit to move or the landlord chose to eject him, and notice to quit was unnecessary.

In *People ex rel. Botsford* v. *Darling,* 47 N. Y. 666, it was held that a tenant in possession under an agreement void under the Statute of Frauds, but paying rent monthly, was a tenant " from month to month " and the tenancy could not be terminated except by a month's notice.

In *Geiger* v. *Braun,* 6 Daly, 506, upon substantially the same kind of facts it was held, citing *Botsford* v. *Darling, supra,* that it was a tenancy from month to month, requiring a month's notice to terminate. Judge Joseph F. Daly dissented, holding that no notice was necessary. The same doctrine was held by the New

York Appellate Term in the case of *Israelson* v. *Wollenberg*, 63 Misc. Rep. 293.

In *Klingenstein* v. *Goldwasser*, 27 Misc. Rep. 536, where the landlord said the tenant could have the premises " as long as he paid rent or until we sell out," this was held to be a lease for an indefinite term, requiring thirty days' notice to terminate. The same was held in *Hoffman* v. *Van Allen*, 3 Misc. Rep. 99, where the lease was an oral one from month to month " as long as he would pay the rent," and in this case the distinction was said to be between tenancies for a month and tenancies from month to month; in the former case no notice being necessary while in the latter the formal notice was indispensable.

In *Witherbee, S. & Co.* v. *Wykes*, 159 App. Div. 24, it was held that an indefinite tenancy from month to month required a notice of thirty days to terminate. But that was a case where the petition alleged and it was not disputed that the premises were rented at the rate of four dollars per month " for no fixed period."

In *Mandel* v. *Koerner*, 152 N. Y. Supp. 847, it was held that tenants who occupy premises under a tenancy from month to month as distinguished from a mere monthly hiring are liable for rent subsequently accruing until the tenancy is terminated by thirty days' notice, but holding that where the tenant hired the premises for the month of September and from month to month thereafter such a hiring is a monthly one. Citing *People ex rel. Aldhouse* v. *Goelet*, 14 Abb. Pr. (N. S.) 130, where it was testified that the renting was by the month and from month to month, and the court held this to be a monthly tenancy, requiring no notice for its termination.

*Gibbons* v. *Dayton*, 4 Hun, 451, is often cited in favor of the proposition contended for by appellant, but in that case the original hiring was distinctly stated to

be for one month only and the court refers to it as a " tenancy from month to month " requiring no notice for its termination. *Oppenheimer E. R. Co.* v. *Wendler*, 111 Misc. Rep. 177, was also a case where the original hiring was stated to be for one month only and in that regard at least is distinguishable from the case at bar.

In *Thomson* v. *Chick*, 92 Hun, 510, decided in the fifth department in 1895 (General Term), where the evidence for the defendant was that he was to pay ten dollars a month for the premises, nothing being said otherwise as to the terms or duration of the lease, the court held that it was error to direct a verdict for the plaintiff on the ground that thirty days' notice of intention to vacate the premises had not been given by the tenant. That if notice was required, the question should have been submitted to the jury as to whether the notice was a reasonable one, citing in that regard *Ludington* v. *Garlock*, 9 N. Y. Supp. 24, and stating that that case " was like the one at bar in its leading features." But in fact the two cases differed in one feature, viz: That in *Thomson* v. *Chick* nothing was said as to when the rent was payable while in *Ludington* v. *Garlock* it was payable in advance.

*Ludington* v. *Garlock, supra,* was decided in the fourth department of the General Term in 1890, Judge Merwin writing the opinion. It merits our careful consideration because it was decided in the department which embraced Onondaga county and on account of the careful review of the previous decisions by the eminent jurist who wrote that opinion, it is probable that the rule of *stare decisis* may be held to apply.

Plaintiff sued in Justice's Court for one month's rent, claiming that the tenancy continued for another month by reason of defendant's failure to give a month's notice of his intention to terminate the hold-

ing. According to plaintiff's version, defendant was his tenant, paying fifteen dollars monthly in advance until April 20, 1888, when the rent was raised to eighteen dollars per month. That on October nineteenth or twentieth defendant's boy came to the office of plaintiff's agent and left the key and this was the first notice in reference to the defendant's leaving except that about a week or ten days before the defendant's father-in-law had told the agent they had found another house and were going to move. According to defendant's version, at the time he was notified of the raise in rent he told the agent he would move as soon as he could get a house. Also that it was nearly two weeks before October twentieth that his father-in-law had told the agent of his intended removal. Also that in September next previous his father-in-law had told the agent that unless the house was repaired they would move out. The justice of the peace found for the defendant. The plaintiff appealed to the County Court which reversed the judgment of the Justice's Court. On appeal to the General Term the County Court was reversed and the justice's judgment affirmed. Justice Merwin, after reviewing the authorities pro and con, among other things said: "In the present case, very evidently, it was understood that the rent should be paid in advance. So that when the defendant paid a month's rent, there became a fixed and definite tenancy for a month. There was no agreement * * * to take the premises for any longer period. If, however, he held over, or paid for another month, the tenancy was for that time renewed, and, as renewed, expired at the end of the month, unless some further action was taken * * * and no notice would be necessary.

"In this case, however, it was conceded at the trial that there was an indefinite monthly renting. This,

46

standing alone, would, under some of the authorities, * * * require a month's notice of intention to terminate. Taking the concession as made, it would not prevent the operation of any agreement, express or implied, on the subject of notice. The intention of the parties on the subject is to be considered. According to the defendant, it was understood that he was to move out as soon as he could find another house * * * It was hardly within the contemplation of the parties that he should be required to give a month's notice. The most that can be inferred as to * * * notice is that a reasonable notice should be given. It appeared from the evidence on the part of the plaintiff that a notice of a week or 10 days was given, and the evidence on the part of the defendant showed a notice of about two weeks. Whether, under the circumstances, the notice in fact given was reasonable, was for the trial court to say; and its finding for the defendant was in effect a finding that it was reasonable. * * * I am of the opinion that the plaintiff, at most, was only entitled to reasonable notice; * * *."

In *Hungerford* v. *Wagoner,* 5 App. Div. 590, decided six years after *Ludington* v. *Garlock,* Justice Merwin writing the opinion (now in the third Appellate Division department), where according to the plaintiff who prevailed in the court below the renting was for no fixed period but was at the rate of four dollars a month payable monthly but nothing said as to whether payable first or last of month, it was held that this created a tenancy from month to month which could be terminated only by a month's notice. For the purposes of the decision the distinction between the two cases mentioned seems to have been based on the fact that in the one the rent was payable monthly in advance and in the other it was simply payable monthly.

Following, as I feel I must, the ruling in *Ludington* v. *Garlock, supra,* a case which has been cited with approval in the Court of Appeals (*Adams* v. *City of Cohoes, supra*), it must be held in the present case that the direction of a verdict for the plaintiff on the ground that thirty days' notice was not given by the defendant was error, unless it can be sustained on other grounds.

I have given much consideration to the question as to whether reasonable notice or any notice was necessary. It is strange indeed that on so important a subject there has been no legislation applicable to the state at large to define the rights of landlord and tenant under indefinite parol leases. By chapter 303 of the Laws of 1918 it is provided that an agreement for the occupation of real estate in the city of New York shall create a tenancy from month to month unless otherwise specified, and by chapter 649 of the Laws of 1919 no monthly tenant shall be removed in the city of New York on the ground of holding over his term unless at least twenty days' notice has been given him. Assuming that in this respect the duties of landlord and tenant are reciprocal, the tenant would have to give a similar notice or substantially that. Common sense and simple justice would dictate that in all such cases a reasonable notice should be given and the statute last cited was probably enacted in recognition of this principle. It could with propriety be extended to the state at large with some modification as to farm leases.

If I felt free to follow my own reasoning in the matter I would be inclined to hold that in the case at bar the landlord was entitled to at least reasonable notice. My first impression was that the intimation in that regard in *Ludington* v. *Garlock* could be interpreted as a holding to that effect and applied to this

case. But the difficulty is that the intimation as to reasonable notice was quite evidently based on the concession in that case that there was an indefinite monthly renting, a concession which the court seems to have regarded as a conclusion which was in conflict with the proven facts and inadvertently made through a misapprehension as to the legal effect. But taking the concession with the testimony of the defendant that when he was informed of the raise in rent he then and there gave notice that he would move out as soon as he could find a house, the court intimated, without holding, that some notice may have been necessary.

Unfortunately, in the present case there is no such concession and no such conflicting circumstances, only the fact that the rent was payable and paid in advance, with no further stipulation as to the duration of the lease, which under the plain dictum in the *Ludington* v. *Garlock* case made it a lease originally for a single month, automatically renewed at the end of each month and requiring no notice for its termination. Therefore the judgment can not be sustained on the ground that no reasonable notice was given. Assuming plaintiff's version of the case to be entirely true, the defendant was entitled to a dismissal of the complaint.

The judgment appealed from must be reversed and a new trial ordered, with costs to abide the event.

Judgment reversed.