Donald S. Taylor, J.
In this action the plaintiff seeks to .annul her marriage to defendant on the ground that at the time the ceremony was performed a decree divorcing the defendant from an earlier marriage had not yet become final. An inter *307 locutory decree divorcing defendant from Ms former spouse was filed in the office of the Rensselaer County Clerk on October 8, 1948. The decree provided it “ shall become the final judgment, as of course, three months after the entry and filing thereof”. Thereafter, the parties hereto were married on January 8,1949 at Canaan, Connecticut. The plaintiff contends that the earliest date on which the defendant could contract another valid marriage was January 9, 1949.
Section 30 of the General Construction Law provides: “ A number of months after or before a certain day shall be computed by counting such number of calendar months from such day, exclusive of the calendar month in which such day occurs, and shall include the day of the month in the last month so counted having the same numerical order in days of the month as the day from which the computation is made, unless there be not so many days in the last month so counted, in which case the period computed shall expire with the last day of the month so counted”. Applying this canon of construction, it appears that the interlocutory period expired on January 8, 1949 on which day the judgment, by its terms, became final. (Hungerford v. Wagoner, 5 App. Div. 590; Civ. Prac. Act, § 1176; see, also, Hoops v. Hoops, 292 N. Y. 428, 430; Matter of Foster v. American Radiator Co., 249 App. Div. 460, 463.) Hence, a marriage performed on that day was not void for the reasons ascribed by plaintiff. Accordingly, the application is denied and the complaint is dismissed.
Submit judgment.